## Lawall, Appellant, v. Lawall.

*Replevin—Parties defendant—Right to intervene.*

A party who is in actual possession of goods at the impetration and execution of a writ of replevin, should be named as codefendant.

Where this has not been done, and such person filed a petition, supported by depositions, averring a joint interest in the goods replevied, and that the defendant named in the writ was her husband, who had deserted her, and that he, acting in collusion with plaintiff, would not defend the suit, and praying to be allowed to intervene and defend *pro inter esse sua*, such petitioner should be allowed to intervene.

*Fraud by husband against wife—Bill of sale—Evidence.*

In such case, the intervening defendant can show that her husband deserted her willfully without just cause, that plaintiff was aware of the husband's intention when the latter executed and delivered a bill of sale to plaintiff of the household goods, that plaintiff aided and abetted the desertion, that the husband left no property or means of support of his wife and that she had no means herself and no separate estate ; for the purpose of showing that the bill of sale to plaintiff, was made by the husband with

the intent of defrauding the wife of the support she might have had from his property if he had not disposed of it.

There was no error for the court to charge in such case that if the property belonged to the husband he has a right to sell it or to give it away, if the transaction is an honest one.

Argued March 7, 1892.   Appeal, No. 347, Jan. T., 1891, by plaintiff, Levi H. Lawall, from judgment of C. P. Northampton Co., Aug. T., 1888, No. 38, on verdict for defendant, Mary E. Lawall.   Before STERRETT, GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Replevin against Chas. A. Lawall.   Return, "replevied." Mary E. Lawall was allowed to intervene and pleaded property in herself and husband, the other defendant.

The facts appear by the opinion of the Supreme Court.

Defendant proposed to prove by the witness, Mary E. Lawall, that her husband willfully and without reasonable cause deserted her on the night or evening of July 27, 1887, and that plaintiff in this case was aware of the husband's intention to desert his wife at the time when the bill of sale was executed and delivered, and that he assisted and aided and abetted the desertion by giving the son money to pay his expenses in leaving, that the husband left no property or means for the support of his wife and that she had no means herself and no separate estate, this for the purpose of showing that the bill of sale to his father was made by the son and husband for the purpose of defrauding the wife of the support that she might have had from his property if he had not disposed of it.

Objected to as incompetent and irrelevant; that it does not pertain to any part of this dispute; that the plaintiff claims the property because he bought it and placed it, under certain arrangements, with his son.   Objection overruled; plaintiff excepts; bill sealed. [2]

Defendant's witness, the deputy sheriff, was asked: "Q. Did not Mr. Lawall—up stairs when he undertook to take all Charley's clothing and she objected to it—did he not say he would make himself responsible to you and take them all?"

Objected to as incompetent and irrelevant.   Objection overruled; plaintiff excepts; bill sealed. [3]

The court, SCHUYLER, P. J., charged, inter alia:

"The son of Dr. Lawall, if the property belonged to him,

would have had a right to sell the property to his father, or would have had the right to give it to his father, if the transaction was an honest one. [4]

" It is, however, alleged on the part of the defendant, that this bill of sale was fraudulent; in other words, that it was given for the purpose of defrauding the defendant. If that is so, then no title passed by the bill of sale to Dr. Lawall. Whether it is so or not, I leave to your determination." [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) permitting defendant to intervene; (2, 3) rulings on evidence, quoting bills of exception, but not evidence; (4, 5) charge, quoting it as above.

*William Fackenthall,* with him *B. F. Fackenthall* and *William C. Loos* for appellant.—An intervenor can make only defendant's defence: Magee v. Beirns, 39 Pa. 63; in this case fraud, accident or mistake. The plea of property raised the issue of the title, and yet the wife was allowed to show the irrelevant matters in the first offer, without a scintilla of evidence of title in herself.

It is no fraud on the wife for the husband to dispose of his personal property: Prindle v. Prindle, 59 Pa. 285; Dickerson's Ap., 115 Pa. 198; Padfield v. Padfield, 78 Ill. 16; Hays v. Hays, 1 Md. Ch. Div. 337; Lightfoot v. Colgin, 6 Munf. 42; Hinkle v. Landis, 131 Pa. 573.

Delivery is not necessary. Property passes when the terms of the contract are settled and the subject-matter ascertained and set apart: Smyth v. Craig, 3 W. & S. 14; Parker v. Donaldson, 2 W. & S. 9; Pringle v. Pringle, 59 Pa. 286.

*Harry C. Cope,* for appellee.—One who has an interest in property attached as the goods of another ought to intervene to defend *pro inter esse suo:* Magee v. Bierns, 39 Pa. 63; Holmes v. Pa. R. R., 18 W. N. 429; Coleman v. Martin, 6 Blatch. C. C. 119; Hiller v. Pollock, 39 Leg. Int. 237; Reidenauer v. Killinger, 11 S. & R. 119. As Mrs. Lawall was in possession the writ should have issued against her: English v. Dalbrow, 1 Miles 160; Jackson v. Gross, L. & T. 424, § 780. The plea of property imposes on plaintiff the necessity of establishing title and right to exclusive possession, and under such plea a special interest may be shown: Matthias v. Sellers, 86 Pa. 486.

Our offer was to show fraud, and to do that the other matters in the offer were relevant. A similar offer was sustained in Krupp v. Scholl, 10 Pa. 195. See, also, as to circumstances to prove fraud: Brinks v. Heise, 48 Pa. 246; Lowe v. Dalrymple, 117 Pa. 564; B. & O. R. R. v. Hoge, 34 Pa. 214.

Appellant's cases do not apply where the husband has deserted the wife: Krupp v. Scroll, 10 Pa. 195. His goods are subject to such restraints in favor of the wife as the law imposes: Hinkle v. Landis, 131 Pa. 583. They are subject to attachment: Rohrman v. Rohrman, 35 Leg. Int. 120. The wife may sell his personal property for her support: Endlich & Richards, Married Women, § 73; or attach it: Reilley v. Reilley, 4 Brews. 169; or it may be sold by the poor district: Dicker v. Poor Directors, 120 Pa. 277. If the husband conveys to escape the provisions of the law in her favor, such transfer is fraudulent as to her.

The sale was fraudulent because there was no delivery: Clow v. Woods, 5 S. & R. 275; Babb v. Clemson, 10 S. & R. 419; Milne, Brown & Co. v. Henry, 40 Pa. 358; Stephens v. Gifford, 137 Pa. 219.

OPINION BY MR. JUSTICE STERRETT, June 1, 1892.

In her petition for leave to intervene and defend *pro inter esse sua*, Mrs. Lawall avers she is the wife of Charles A. Lawall, defendant in this action, and claims joint ownership of the goods replevied; that, when the writ was executed, she had exclusive possession of the goods, and claimed title thereto; that, to the best of her information and belief, her husband has willfully and maliciously deserted her, and will not appear nor make any defence to said action, because he and his father, the plaintiff, have "conspired to defraud the petitioner of the use and possession of said goods and chattels." These averments are sustained by the petitioner's deposition, in which some of the facts and circumstances are more fully detailed.

Without either admitting or expressly denying said allegations of exclusive possession, desertion, conspiracy, etc., the plaintiff in his answer says: "The goods replevied all belonged to Charles Lawall, the defendant, and his title was transferred to the plaintiff for full value paid. None of them belong to Mrs. Mary E. Lawall, his wife. She was present

when the sheriff executed the writ and delivered the goods to plaintiff."

In view of the facts disclosed by the petition, answer and deposition, it would have been error to have denied petitioner's right to intervene and defend. It was virtually conceded that she was in exclusive possession of the goods when the writ was issued and executed. For that reason alone, she should have been named as defendant or codefendant in the writ. In addition to that, the averments of joint-ownership with her husband, desertion by the latter, conspiracy between him and his father, etc., so strengthened petitioner's claim, that it could not have been ignored without injustice to her. There is no merit in the first specification of error.

The abstract of proceedings, showing the issue and how it was made, does not fully comply with our rule, but we infer from what is said, that plaintiff assumed the burden of proving title in himself to the goods, coupled with the right of immediate possession. On the trial, he claimed and introduced testimony tending to prove that he purchased the goods for his son, to be used in housekeeping, with the understanding that the latter should acquire no title to them until he refunded the amount thus expended. He also made the further claim that his son, before deserting his wife, gave him a bill of sale of the goods, witnessed by Charles M. Mauch. These positions were not entirely consistent. The former is predicated of the fact that his son never owned the goods. The latter assumes, as true, the fact sworn to by plaintiff in answer to his daughter-in-law's petition, that they "all belonged to Charles Lawall, the defendant, and his title was transferred to plaintiff for full value paid."

The testimony of the subscribing witness to the bill of sale was calculated to excite suspicion as to the *bona fides* of that transaction. He testified that Charles was not present when the bill of sale was witnessed, nor did he ever admit that he executed the same; that he signed as a witness, at the request of plaintiff, in the absence of Charles, and without knowing personally, or from Charles himself, that he ever executed it. The plaintiff also testified that no money consideration was ever paid for the bill of sale.

It also appeared in evidence that plaintiff knew his son was

about deserting his wife, and that he assisted him in procuring funds with which to pay expenses of leaving this, and going into another state.    These and other facts and circumstances bearing on the question of plaintiff's title and right of immediate possession, were proper for the consideration of the jury.

The offer recited in the second specification, was neither incompetent nor irrelevant.    The same remark is applicable to the third specification.

Defendant's testimony further tended to prove that the goods in controversy were purchased by plaintiff and given to his son and daughter-in-law when they commenced housekeeping; that they were not merely loaned to the son with the understanding that the title should remain in his father until the goods were paid for; but that they were an out and out gift to the young couple to start them in housekeeping.    The defendant, Mrs. Lawall, in testifying to what occurred on the eve of their commencing to keep house, stated in substance, that, after their rooms were furnished with the goods in question, plaintiff and his wife, with two or three invited guests visited the apartments, inspected the furniture, etc., and while there, spoke of the goods as the property of the young couple. Being asked to give the language used by plaintiff and his wife on that occasion, the witness answered: "They said, this is now the place you are going to live; you are going to commence housekeeping, and these are your things, and all you have to do is to take good care of your things; the doctor and his wife both said that, and Mrs. Young and her servant were both there."

Without further reference to the testimony, it is sufficient to say that it presented questions of fact which were properly for the consideration of the jury, and there appears to have been no error in submitting the case to them.    Neither of the specifications of error is sustained.

Judgment affirmed.