————o————

No. 5834.

## JOHN SINGER vs. A. H. FOLEY.

### Syllabus.

One cannot by way of third opposition deny the existence or legality of plaintiff's demand and the judgment founded thereon, and at the same time claim the proceeds of the judicial sale made in execution of said judgment. Nor can

a third opponent engraft upon the proceedings a demand for a personal judgment for damages against plaintiff and defendant for matters arising out of the conduct of the judicial sale aforesaid.

The privilege of the landlord primes that of a servant or clerk claiming under R. C. C., 3191.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 102,251, Hon. E. K. Skinner, Judge.

Geo. C. Walshe, for plaintiff and appellee.

Theo. Cotonio, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

Plaintiff issued execution and caused to be sold at public sale defendant's property under a judgment recognizing his claim for rent as well as his landlord's privilege upon the property seized. One Chevallon, claiming to be a privileged creditor of defendant for wages and salary under R. C. C., 3191, intervened by way of third opposition and attacked the legality of plaintiff's claim and privilege for rent as well as the judgment founded thereon, on the ground that a brewing company was the real lessor of the property, the plaintiff being merely a party interposed, and that consequently the judgment, as well as the claim for rent and privilege, upon which it is founded, are null and void, the whole transaction being in violation of the express prohibitions of Section 11 of Act 176 of 1908. The opposition further alleges that by reason of certain tortious acts of plaintiff and defendant, which it is claimed stifled competitive bidding at the judicial sale aforesaid, the parties have rendered themselves personally liable to him for the full amount of his claim. He prayed that he have judgment accordingly and that the total proceeds of the sale be turned over to

him by the Sheriff in part satisfaction of his said judgment.

A plea of no cause of action was interposed and sustained and the third opponent appealed.

According to the well settled jurisprudence upon the subject the third opponent fails to state a cause of action in so far as he avers the nullity of plaintiff's claim, privilege and judgment, and at the same time demands to be paid out of the proceeds of a sale made under that judgment.

> Livaudais vs. Livaudais, 3 A., 455; Provosty vs. Carmouche, 22 A., 136; Slocum vs. Williams, 23 A., 246; Blessy, etc. vs. Kearney, et als., 24 A., 289; Theurer vs. Knorr, 24 A., 597; Boubebe vs. Aymes, 29 A., 274; Dowling, Curator, vs. Gally, 30 A., 328; Campbell vs. Woolfolk, 37 A., 320; Thompson vs. Daniel, 47 A., 1401; Metropolitan Bank vs. Blaise, 109 L., 92-100.

The case of **Herber vs. Thompson, 46 A., 186**, which has been cited to us as announcing a contrary doctrine, expressly affirmed the principle enunciated in these cases.

Nor does the incident that plaintiff's claim and judgment are alleged to be founded upon transactions reprobated by law, place the case beyond the scope of this general rule.

> **Provosty vs. Carmouche, supra.**

The claim or demand for a personal judgment against plaintiff and defendant for their alleged tortious acts in stifling competition at the sale, is one that most assuredly cannot be engrafted upon a proceeding by third opposition.

> **C. P., 395, 396.**

Finally, the third opponent exhibits no cause for preference against plaintiff upon the proceeds of the sale,

for the privilege of the landlord primes that of a servant or clerk claiming under. **R. C. C., 3191.**

The judgment sustaining the plea of no cause of action is correct and it is accordingly affirmed.

Judgment affirmed.

Dufour, J., dissents, on the authority of **Bryant vs. Matthews**, case 46 A., 826, and **Madin vs. Ory, 5 Ct. of App., 188.**

Opinion and decree, May 19, 1913.

Rehearing refused, June 23rd, 1913.