# SACHS *v*. KINYOUN.

1. A bill by a warehouseman claiming a lien on goods cannot be maintained for an injunction against a replevin suit between other parties, since there is an adequate remedy at law by intervention in the replevin case.

2. The loss of a lien on goods by loss of possession precludes a suit to foreclose the lien until plaintiff has regained possession.

3. The right to a bill in equity to enforce a warehouseman's lien cannot be claimed under sec. 35 of the Law of Warehouse Receipts applicable to the District of Columbia (36 Stat. at L. 301, chap. 167; Code 1911, p. 419), which provides that the statute remedy does not preclude any other remedies, where the plaintiff did not proceed by bill in equity in the first instance but elected to proceed otherwise, and, after losing possession of the goods through a replevin suit between other parties, filed a bill to restrain that proceeding.

No. 3097.    Submitted March 7, 1918.    Decided April 1, 1918.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia dismissing a bill for an injunction against the prosecution of a replevin suit.            *Affirmed.*

The facts are stated in the opinion.

*Mr. R. B. Behrend,* for the appellants:

A. A pledgee has the right to file suit in equity to foreclose his lien against the articles pledged, where default exists in carrying out the terms of the pledge.

The following cases hold that a pledgee of chattels, upon nonpayment of the debt secured, has the right to file a bill in equity to foreclose his lien: *Sharpe* v. *National Bank,* 87 Ala. 644; *Donohoe* v. *Gamble,* 38 Cal. 340; *Wright* v. *Ross,* 36 Cal. 414; *Wilson* v. *Brannan,* 27 Cal. 258; *Hall* v. *Page,* 4 Ga. 428; *Indiana, etc., R. Co.* v. *McKernan,* 24 Ind. 62; *Evans* v. *Darlington,* 5 Blackf. 320; *Robinson* v. *Hurley,* 11 Iowa, 410; *Boynton* v. *Payrow,* 67 Me. 587; *Bryson* v. *Rayner,* 25 Md. 424; *Markham* v. *Jaudon,* 41 N. Y. 235; *Farmers, etc., Nat. Bank* v. *Rogers,* 15 N. Y. Civ. Proc. Rep. 250; *Cortelyou* v. *Lansing,* 2 Cai. Cas. 201; *Stearns* v. *Marsh,* 4 Denio, 227; *Sitgreaves* v. *Farmers,' etc., Bank,* 49 Pa. 359; *Johnson* v. *Smith.* 11 Humph. 396; *King* v. *Texas Bkg., etc., Co.* 58 Tex. 669; *Luckett* v. *Townsend,* 3 Tex. 119; *Zivley* v. *Lampasas First Nat. Bank,* — Tex. Civ. App. —,39 S. W. 219; *Plankinton* v. *Hildebrand,* 89 Wis. 209; *Wilson* v. *Johnson,* 74 Wis. 337.

There is no difference in principle between an action to fore-

close the lien of a pledge and one to foreclose a mortgage of real estate. *Wilson* v. *Johnson, supra.*

B. As warehousemen, appellants had a right, in equity, to obtain a judicial sale of the chattels in controversy, in order to collect their lien claims for storage, hauling, etc.

The Warehousemen's Act in force in the District of Columbia provides a method of selling chattels on storage to enforce the lien claims of the warehousemen, but sec. 35 of the same act (see D. C. Code, page 427) provides as follows: "The remedy for enforcing a lien herein provided does not preclude any other remedies allowed by law for the enforcement of a lien against personal property, nor bar the right to recover so much of the warehousemen's claim as shall not be paid by the proceeds of the sale of the property."

In *Howe* v. *Paulson Co.* 127 Pac. 285, in which a similar question was raised, it is said by the court: "We think such a lien may also be foreclosed in an equitable action. That such may be done is clearly indicated from what is said by this court in *Westminster Invest. Co.* v. *McCurtin,* 118 Pac. 567."

See also *Boorman* v. *Wisconsin Rotary Engine Co.* 36 Wis. 207; *Lambert* v. *Nichlass,* 44 W. Va. 527; *Thatcher* v. *Moors,* 134 Mass. 156; *Macomber* v. *Parker,* 14 Pick. 497; *Walcott* v. *Keith,* 2 Foster, 196; *Sidner* v. *Parrey,* 77 Ind. 241; *Backer* v. *Pyne,* 130 Ind. 288; *French* v. *De Bow,* 38 Mich. 708; *Richards* v. *Griffith,* 92 Cal. 493.

C. The warehouse receipt issued by appellants, which is negotiable, is outstanding, and its cancelation is necessary.

Appellants are liable to be occasioned double liability by reason of the fact that the warehouse receipt, which they issued to the appellee, J. Perry Kinyoun, is still outstanding, and, being negotiable, is liable to reach the hands of an innocent purchaser. See Act to Make Uniform the Law of Warehouse Receipts in the District of Columbia, D. C. Code, pages 419 et seq., and 30 Am. & Eng. Enc. Law, 2d ed. 71.

What protection, then, under the circumstances of this case, have appellants, unless the strong arm of equity requires the delivery up for cancelation, as a part of its relief, under the prayer for general relief, of the outstanding warehouse receipt?

The replevin case referred to would not and could not accomplish this, nor could any other proceeding at law afford as plain, as adequate, and as complete a remedy as equity.

D. Equity avoids a multiplicity of suits.

In view of the numerous conflicting interests involved in this case, by sustaining the jurisdiction of the equity court in this cause, the rights of everybody will be protected, the interests of each safeguarded, and all the matters involved disposed of in one proceeding.

E. Equity will relieve against the fraud of the appellees, J. Perry Kinyoun, Lillian C. Kinyoun, and Joseph J. Kinyoun, which is alleged in the bill.

Equity will always entertain jurisdiction to relieve from fraud, notwithstanding that the law would afford relief either by action or defense, where such remedy would be doubtful, incomplete, or otherwise inadequate. This is true where the complete protection of plaintiff demands the setting aside of a conveyance, or the re-establishment of a lien. 16 Cyc. 83; *Shelton* v. *Tipping,* 6 How. 163.

F. Because, admitting that equity had no jurisdiction in the premises, the court should not have dismissed the bill, but should have referred this action to the law side thereof.

Under United States equity rule No. 22, promulgated November 4, 1912, it is provided as follows: "If at any time it appears that a suit commenced in equity should have been brought in an action on the law side of the court, it shall be forthwith transferred to the law side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

In *Collins* v. *Bradley,* 227 Fed. 199, it is held that, under said equity rule No. 22, and an Act of Congress of the United States of March 3, 1915, which provides that any party to a suit shall have the right at any stage of the cause to amend his pleadings, so as to obviate the objection that his suit was not brought on the right side of the court, a motion to dismiss a bill because complainant has an adequate remedy at law will not lie. See also *Corsicana Nat. Bank* v. *Johnson,* 218 Fed. 822; *Goldschmidt Thermit Co.* v. *Primos Chemical Co.* 225 Fed. 769.

*Mr. Fred B. Rhodes, Mr. P. B. Cromelin,* and *Mr. C. B. Bauman,* for the appellees:

Plaintiffs lost lien by delivering goods to Sloan to carry out order of municipal court, and not for purpose of foreclosing its lien.

The common-law rule was that warehousemen or anyone having possession of lien lost same by parting with possession of goods. Also, Uniform Warehouse Receipts Act, sec. 29, D. C. Code, p. 425, provides "a warehouseman loses his lien upon goods—(a) by surrendering possession thereof."

Bailees generally cannot part with possession of property without the consent of the owner, and the delivery of property without such consent should be treated as conversion. *Colyar* v. *Taylor,* 1 Coldw. 372; *Marmer* v. *Smith,* 5 Heisk. 203.

A wrongful sale of property by a bailee is a conversion thereof as to both the bailee and the purchaser. *Buckmaster* v. *Mower & Ford,* 21 Vt. 204.

A warehouseman contracted to store plaintiff's goods in a certain building, but instead placed them in another building; goods were accidently destroyed by fire without the fault of the warehouseman, Held that the defendant was guilty of a technical conversion. *Hudson* v. *Columbia Transfer Co.* 137 Mich. 225.

A lien is lost by holding goods for claim not covered by lien. *Scott* v. *Jester,* 13 Ark. 437.

A party who, having a lien on goods causes them to be taken at his own suit, loses lien thereby although the goods are sold to him under the execution, and are never removed off his premises. *Jacobs* v. *Latur,* 5 Bing. 506.

"Lien once lost not regained.—A lien once lost by parting with possession of the property cannot be restored by regaining possession, unless this be with the consent or agreement of the owner. (Citations.)" 1 Jones, Liens, sec. 1000, p. 1017.

Lien at law not enforceable in equity.—A lien at law or by statute cannot be enforced in equity. Except as remedy in

equity is expressly provided by statute, a court of equity can enforce an equitable lien, either upon a legal or equitable estate in lands; but a lien which is purely legal, which is created by statute and is dependent upon statutory provisions for its enforcement, cannot be aided in equity if the lien fails at law. (Citations.) In the absence of statutory provisions no lien will be foreclosed in equity except in conformity with the established rules of equity jurisprudence. Thus, a general lien of a judgment will not be turned into the specific of a decree in equity and enforced by sale under such a decree. Equity will not interfere where there is a full and complete remedy by statute." Jones, Liens, sec. 94, p. 89.

No grounds for equitable relief.—Plaintiffs were engaged in commission of fraud upon the Kinyouns, C. G. Sloan & Company, and anyone purchasing at sale. Contract and statute not being complied with, proposed sale was illegal and void. See *Baum* v. *Knabe Co.* 33 App. D. C. 237.

Sloan & Company and any purchaser might have been sued by Mrs. Kinyoun for conversion of goods. See *Buckmaster* v. *Mower & Ford,* 21 Vt. 204.

Defendants are entitled to have the ownership of goods determined by the jury, and action at law should therefore not be restrained. See *Grand Chute* v. *Winegar,* 15 Wall. 373, 375, 376.

Such rule is most strictly adhered to in all United States courts. *Hayes* v. *Horton,* 2 App. D. C. 81.

That there is difficulty in the execution of the remedy at law will not authorize a court of equity to grant relief. *Rees* v. *Watertown,* 19 Wall. 107.

"Effect of loss on remedy—Loss through neglect of party. —Where the party seeking equitable relief has lost his remedy at law through his own fault or neglect, equity will not interfere to grant relief." 5 Enc. U. S. Sup. Ct. Rep. p. 823, citing *Creath* v. *Simms,* 5 How. 192, and *United States* v. *Ames,* 99 U. S. 35.

See also *Buckler* v. *Buckler,* 44 West. L. R. 130.

Plaintiffs cannot question consideration passing from Dr. J. J. Kinyoun to J. Perry Kinyoun in bill of sale. *Wall* v. *DeMilkiewicz,* 9 App. D. C. 123.

Enforcing possessory common-law lien where method is not prescribed by statute.—At common law a lien was merely the right to retain possession of certain property until a debt or claim was satisfied. Where no method for enforcing the lien is prescribed by statute, the lienor must sue and issue an execution, or else file a bill in equity to declare and enforce his lien. See 25 Cyc. 681, 684.

Mr. Justice Robb delivered the opinion of the Court:

Appeal from a decree in the supreme court of the District dismissing appellants' bill for an injunction against the prosecution of a replevin suit, and for the appointment of receivers to take possession of and sell the chattels in controversy.

The facts are fully stated in the opinion of the learned trial justice, which reads in part as follows:

"This case is before the court on a motion to dismiss the bill, on the ground that the plaintiffs have a plain, adequate, and complete remedy at law, that the bill does not state any facts by virtue of which plaintiffs are entitled to any relief in equity, and that the plaintiffs have no standing in a court of equity.

"The bill alleges that on March 30, 1915, the defendant J. Perry Kinyoun delivered certain personal property to the plaintiffs to be stored by them; that a warehouse agreement was entered into between them, the defendant agreeing to pay storage charge and to repay certain advances of money in specified instalments. Thereafter various other loans were made to the said J. Perry Kinyoun, by the plaintiffs on the security of the said chattels. Only a small amount was ever repaid, it is alleged, on account of the advances and storage charges.

"Thereafter, and on August 16, 1915, George W. Ray recovered a judgment against the defendants J. Perry Kinyoun and Lillian C. Kinyoun, his wife, in the municipal court, for $302.26, interest, and costs. Garnishment was issued on said judgment on September 22, 1915. and all chattels in possession of the plaintiff were attached. Plaintiffs made answer to the garnishment to the effect that they claimed a lien, as of date October 25, 1915, in the sum of $721.75 on said chattels.

"On November 15, 1915, Ray moved the court for a judgment of condemnation, and on the same day the court entered an order condemning the assets, subject to plaintiff's lien. Thereafter the attorney for Ray saw the attorney for the plaintiff, and the latter suggested the advisability of having a writ of fieri facias issued, but the former deem this unnecessary. Thereupon, the plaintiffs, to carry out the judgment of the municipal court hauled the property to the auction rooms of C. G. Sloan & Company to dispose of it. On December 1, 1915, it was placed on the first floor of the auction house of the Sloan Company for the purpose of offering it for sale on December 4, 1915, after advertisement. Plaintiffs aver that the chattels were entered and registered in the name of M. J. Colbert, the attorney for Ray, but say that "this was done without authority from them and against and contrary to their instructions to said defendant, C. G. Sloan & Company, to enter and register same in the name of the plaintiffs, the object of the plaintiffs being to in nowise affect or injure their lien claims."

"On December 2, 1915, J. Perry Kinyoun and Lillian C. Kinyoun executed a bill of sale to Joseph J. Kinyoun, the father of J. Perry Kinyoun, transferring the chattels to said Joseph J. Kinyoun. The plaintiffs allege that the transfer was without consideration, and for the purpose of defrauding plaintiffs of possession of the goods, and for the purpose of depriving plaintiffs of their lien claims. On December 2, 1915, Joseph J. Kinyoun entered suit in replevin in the supreme court of the District against C. G. Sloan & Company, and through the marshal took possession of the goods, which were later delivered to said Joseph J. Kinyoun. Plaintiffs alleged that this was done because said J. J. Kinyoun considered that he could take advantage of the fact that the defendant Ray failed to issue a writ of fieri facias, and because he thought that the plaintiffs had waived their lien by sending the chattels to the auction rooms of the Sloan Company.

"The bill prays that the defendant Joseph J. Kinyoun be restrained during the pendency of this suit and perpetually thereafter from further prosecuting the replevin suit, that a

receiver be appointed to sell the goods, and that the lien claims of the plaintiffs be allowed out of the proceeds of such sale.

"If the possession of the Sloan Company was in fact the possession of the plaintiffs, then the plaintiffs have the right to defend the suit in replevin, and secure the return of the property replevied at the trial of the case. A party claiming a lien, as by way of a mortgage on property taken in replevin, will be allowed to intervene and set up his claim. *Albright* v. *Brown*, 23 Neb. 136, 36 N. W. 207.

"A third party claiming the ownership of replevied property has the right to be made a defendant in a suit and assert his title; nor should his answer asserting his ownership and right of possession be stricken from the files for omission to state the evidence of his title, which is a matter to be shown at the trial. *Wellborn* v. *Eskey*, 25 Neb. 195, 40 N. W. 960. In the last-named case the ground for intervention urged was that the defendant obtained the goods by virtue of an order of attachment issued out of the district court of Red Willow county, upon the affidavit of the petitioner, and that the petitioner was the owner of the goods, and entitled to the possession thereof, and that the title of the petitioner was adverse to that of the plaintiff. Intervention was allowed.

"*Lawall* v. *Lawall*, 150 Pa. 626, 24 Atl. 289, was an action of replevin against a husband, who was absent from the state. The wife petitioned for leave to defend in her own interest, alleging joint ownership of the goods, desertion by her husband, and conspiracy between the defendant and his father (the plaintiff) to defraud her of the goods which were in her possession. Plaintiff's answer alleged title in defendant, transferred to the plaintiff for value. The court held that the petitioner was properly allowed.   *   *   *

"It follows from the foregoing that the plaintiff's remedy at law is adequate; but there is yet another reason why the plaintiffs' bill must be dismissed. It is elemental law that the common-law lien depends on possession. *Peck* v. *Jenness*, 7 How. 612, 12 L. ed. 841; *Gregory* v. *Morris*, 96 U. S. 619, 623, 24 L. ed. 740, 741. Possession being lost, the lien is also lost, and the plaintiff no longer having possession of the goods

must recover possession before he can sue to foreclose his lien. Jones, Liens, 3d ed. sec. 1037. *Phelan* v. *Terry*, 101 Minn. 454, 112 N. W. 872, which holds also that the plaintiff's replevin is the appropriate action for regaining possession."

Appellants, however, contend that their right to file this bill should be sustained because sec. 35 of the "Law of Warehouse Receipts" applicable to the District of Columbia (36 Stat. at L. 301, chap. 167; Code 1911, p. 419), provides that "the remedy for enforcing a lien herein provided does not preclude any other remedies allowed by law for the enforcement of a lien against personal property, nor bar the right to recover so much of the warehouseman's claim as shall not be paid by the proceeds of the sale of the property." In other words, appellants contend that the remedy for enforcing a warehouseman's lien provided in the foregoing act is concurrent and cumulative (*Howard* v. *J. P. Paulson Co.* 41 Utah, 490, 127 Pac. 285; *Crass* v. *Memphis & C. R. Co.* 96 Ala. 447, 11 So. 480), and hence that a bill in equity is a proper remedy for the enforcement of the lien. But in this case appellants did not proceed by bill in equity in the first instance. On the contrary, they elected to proceed otherwise, and, after having lost possession of the goods through the replevin suit, filed their bill to restrain the prosecution of that suit. The situation in which they now find themselves, therefore, is the result of their own election of remedies; and inasmuch as their rights may be fully protected without the intervention of equity, as found by the trial justice, the decree of dismissal must be affirmed, with costs.

*Affirmed.*