# Exler, Appellant, *v.* Wickes Brothers.

*Replevin—Notice to intervene—Parties—Res adjudicata—Bankruptcy.*

1. One who has notice of a replevin suit brought to determine the ownership of property upon which he claims a lien and authorizes the defendant in the suit, a trustee in bankruptcy, who is in possession of the property, to take such steps as will protect the former's rights, is concluded by the result of the litigation although

he does not intervene as a party, and the defendant permits the case to go by default.

2. Where the decree of a court of competent jurisdiction has passed upon a question in which different persons are interested, such decree is conclusive, as a general rule, against all parties to the controversy who had a right and an opportunity to be heard.

3. A suit determines not only what was, but what might have been litigated therein.

*Judgment—Affidavit of defense—Judgment by default.*

4. A judgment for want of an affidavit of defense, or for other default, is as conclusive as one entered on a verdict.

Argued Oct. 15, 1918.  Appeal, No. 182, Oct. T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1913, No. 244, on verdict for defendant in case of Joseph Exler v. Wickes Brothers.  Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and FOX, JJ.  Affirmed.

Trespass for the alleged unlawful removal of an engine from mortgaged premises.  Before CARNAHAN, J.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*H. F. Stambaugh,* with him *Watson & Freeman,* for appellant.—One not made party to a replevin suit to recover property in which he claims an interest, need not intervene: Northwestern State Bank of Hay Springs v. Silberman, 154 Fed. 809.

A trustee in bankruptcy does not represent secured creditors and his acts or failure to act do not bind them: Dudley v. Easton, 104 U. S. 99; Keystone Brewing Co. v. Schermer, 241 Pa. 361.

*S. Leo Ruslander,* with him *A. Leo Weil, Charles M. Thorp* and *L. Pearson Scott,* for appellee.—By reason

of the prior proceedings in the bankruptcy court and the judgment in the replevin suit in the Court of Common Pleas, appellant's right to maintain this action is barred: McKinzie v. Baltimore & Ohio R. R. Co., 28 Md. 161; In re Bothe, 173 Fed. 597; Vanderslice v. Knapp, 20 Kansas 647.

OPINION BY MR. JUSTICE WALLING, January 4, 1919:

This action of trespass is by a mortgage creditor for damages resulting on account of the removal of an engine from the mortgaged premises. In 1906, the American Box Company of Etna, Pa., obtained a Corliss engine from Wickes Brothers, a corporation. The engine weighed 35,000 pounds and was fastened by bolts to a concrete foundation, so as to be removable without injury to itself or the building. In 1907 the company borrowed $20,000 from appellant, Joseph Exler, which was secured by a mortgage on the plant. In 1908 the American Box Company was adjudged a bankrupt and a trustee was appointed. In 1909 Wickes Brothers presented a petition to the referee in bankruptcy averring that the engine had been delivered to the box company under a lease, and that numerous defaults had occurred in payments of rent, by reason of which petitioner was entitled to immediate possession of the engine, and praying for an order on the trustee to turn over and deliver the same. The trustee filed an answer resisting the application and averring that the engine belonged to the box company and was so permanently attached to the real estate as to be a part thereof. Exler intervened in that proceeding and also filed an answer averring that the engine was a part of the freehold and subject to the lien of his mortgage, and that he was a bona fide pledgee thereof without notice, etc. The referee, without passing upon the merits of the controversy, authorized Wickes Brothers to bring a suit in replevin in the State court for the recovery of the engine. Pursuant to this authority a writ of replevin

for the engine was issued out of the Court of Common
Pleas of Allegheny County. The trustee in bankruptcy,
who had possession thereof, was named as defendant.
Exler had notice of this suit and an opportunity to in-
tervene but declined to do so; in fact, the trustee
offered to give bond and keep the property if indemnified
by Exler. In default of such bond the sheriff delivered
the engine to Wickes Brothers, by whom it was removed
in disregard of a protest from appellant. Prior to the
execution of the writ of replevin, Exler's attorneys
wrote to the attorneys for the trustee stating, inter alia:
"The trustee having taken possession of this property
and made claim to be subrogated to the rights of Joseph
Exler under said mortgage, we think it is clearly his
duty to defend this action, and to take such steps as
will fully protect the rights of all creditors, including
the said Joseph Exler. We, therefore, desire to notify
you, as counsel for the said trustee, that we will hold
the trustee liable in case he fails to take such steps as
are necessary to protect this property." After the
removal of the engine, judgment was taken against the
trustee for want of an affidavit of defense. Thereafter
Exler foreclosed his mortgage, sustained a large loss
and then brought this action against Wickes Brothers,
contending that the removal of the engine had depreci-
ated his security. At the conclusion of the testimony
the trial judge directed a verdict for defendant; from
judgment entered thereon plaintiff brought this appeal.

The trustee, who was in possession of the factory prop-
erty, including this engine, and in whom the title had
vested by virtue of the proceedings in bankruptcy, was
properly named as defendant in the replevin suit:
Lawall v. Lawall, 150 Pa. 626. Exler, who had notice
and was interested as a lien creditor, might have inter-
vened and retained the property by giving a counter
bond: See Act of March 19, 1903, P. L. 39 (4 Purdon's
Digest, 13th Ed., p. 4140). He not only failed to do so,
but in effect authorized and directed the trustee to take

such steps as would fully protect his (Exler's) rights. This appears in the letter as above quoted. Under such circumstances he is bound by the adjudication in the replevin suit. One who has notice of a suit brought to determine the ownership of property upon which he claims a lien and authorizes a party to the suit, who is in possession of the property, to take such steps as will protect the former's rights, is concluded by the result of the litigation although he does not intervene as a party. "It is well established that where the decree of a court of competent jurisdiction has passed upon a question in which different persons are interested, such decree is conclusive against all parties to the controversy who had a right and an opportunity to be heard": Rice v. Braden, 243 Pa. 141, 149; and a case very similar to the present is that of McKinzie v. B. & O. R. R. Co., 28 Md. 161, 174. It is not necessary to determine whether or not it is the duty of a trustee in bankruptcy to represent secured creditors, for here he was directed by Exler to do so.

Appellant relies upon Roberts v. The Dauphin Deposit Bank, 19 Pa. 71; but there the effect of the judgment in the replevin suit does not seem to have been considered, and that was prior to the passage of the act above cited authorizing a claimant to intervene; aside from that the defendant was not there authorized by the claimant to take steps to protect his rights. Here the court in the replevin suit had full jurisdiction and the judgment entered therein is not affected by the fact that the defendant trustee permitted the case to go by default. In the absence of fraud, which is not here alleged, a judgment for want of an affidavit of defense or for other default is as conclusive as one entered on a verdict. See Stradley v. Bath Portland Cement Co., 228 Pa. 108; Ogle v. Baker, 137 Pa. 378. A suit determines not only what was but what might have been litigated therein: Long v. Lebanon National Bank, 211 Pa. 165.

Appellant contends that the engine, being a part of the real estate, was not subject to replevin. But whether it was a part of the real estate depends largely upon the intention of the parties when it was installed (Vail v. Weaver, 132 Pa. 363,) and was a question proper to be settled in the replevin suit; as was also the question whether the original contract between Wickes Brothers and the American Box Company constituted a bailment or a conditional sale. However, the court below based its decision upon the ground that appellant was concluded by the judgment in the replevin suit, and, as we agree with that conclusion, it is not necessary to pass upon the other questions suggested in the record.

The judgment is affirmed.