## Trees et al. v. Glenn

*Weller, Wicks & Wallace,* for plaintiffs.
*James F. Coyle* and *John A. Metz,* for defendant.

GRAY, J., September 26, 1934.——Plaintiffs seek to restrain defendant from prosecuting a bill of complaint by him against plaintiffs at no. 5, June term, 1932, in the Court of Common Pleas of Butler County, on the ground that the cause of action set up in that case is the same as the cause of action in a bill in equity by Coulter E. Glenn, a brother of defendant, at no. 2152, January term, 1917, in our court, in which the defendant was held to be a party plaintiff on account of his having the same interest as his brother, and being a witness, and paying part of the expenses, plaintiffs contending that the filing of the equity action in Butler County is a vexatious use of legal process and that the decree in this court is res adjudicata of the cause of action stated in the said bill in equity in the Court of Common Pleas of Butler County.

Defendant has filed preliminary objections to the bill on a number of grounds, most of which are not within our rule of court, in our opinion, but the substance of all of

which is that the decree of this court is not res adjudicata of the cause of action alleged in the bill in equity in the Court of Common Pleas of Butler County, and that plaintiffs should be required to present the matters alleged in their bill here as a defense in the action in that court.

We have taken great pains to examine the record at no. 2152, January term, 1917, and the three appeals to the Supreme Court taken in that case, and after consideration of the record and the arguments and briefs of counsel, have concluded that the preliminary objections to the bill must be dismissed.

The bill in the Court of Common Pleas of Butler County charges that about the month of October, 1909, the defendants (plaintiffs, Trees and Benedum, in this case), who held a controlling interest in the J. C. Trees Oil Company, caused to be transferred to the Arkansas Natural Gas Company certain gas rights owned by the J. C. Trees Oil Company for a large number of shares of the capital stock of the Arkansas Natural Gas Company, and that said defendants fraudulently concealed from plaintiff (defendant in this case), who was a minority stockholder in the J. C. Trees Oil Company, the amount of the consideration for the transfer of such gas rights, and fraudulently represented that there was no consideration paid therefor, and that said defendants fraudulently converted said consideration to their own use, and prays for a discovery of the facts in regard to the transfer of said gas rights and consideration therefor and for an accounting thereof.

In the bill in equity at no. 2152, January term, 1917, defendant's brother, Coulter E. Glenn, on behalf of himself and such other stockholders of J. C. Trees Oil Company as might wish to join in the suit, one of whom was the defendant in this action, who actually did join in the suit by testifying in it and paying part of the expenses of it, complained of fraudulent action of the plaintiffs in this case in reference to the transfer of certain oil rights

owned by the J. C. Trees Oil Company, in which all the parties were interested. This complaint related to a very large transaction and, in reference to it, the complaint was that plaintiffs in this case fraudulently converted to their own use $1,850,000 derived from the sale of oil rights. In the seventeenth paragraph of that bill, plaintiff therein alleged that certain gas rights owned by the J. C. Trees Oil Company were sold to the Arkansas Natural Gas Company, they being the same gas rights described in the bill in equity in the Court of Common Pleas of Butler County, and that the defendants (plaintiffs here) concealed from plaintiff therein the terms of sale of said gas rights.

In paragraph seventeen of the answer in that case, defendants therein stated that the gas rights referred to in the bill of complaint had been sold to the Arkansas Natural Gas Company prior to November 3, 1910; that these gas rights were not included in the sale of the oil rights mentioned in the bill of complaint; and in that paragraph of their answer said defendants averred plaintiff in that action was fully informed as to the terms of the sale of the gas rights.

In the bill in equity at no. 2152, January term, 1917, plaintiff prayed that defendants, Trees and Benedum, in the action in the court of Butler County, be ordered to disclose to the stockholders of the J. C. Trees Oil Company, especially the plaintiff, the agreement between the J. C. Trees Oil Company and the Arkansas Natural Gas Company for the sale of gas rights, and that said defendants be required to render an account of any and all sums of money and property belonging to the J. C. Trees Oil Company derived from any source whatsoever which had come into the hands of said defendants or any of them.

From this it will appear that the question involved in the action in the court of Butler County was clearly stated in the pleadings in the action in equity in this court at no. 2152, January term, 1917. As a matter of fact, the

attention of the parties and the court in the action at no. 2152, January term, 1917, was concentrated on the question involved in reference to the oil rights referred to in the bill, and in the adjudication the sale of the gas rights to the Arkansas Natural Gas Company was only mentioned incidentally. Apparently the plaintiff abandoned his claim that any fraud or wrong was committed in the transfer of the gas rights. But the chancellor did make a finding of fact that the allegations of the bill of complaint as to the quantity of the acreage of the gas leases were not correct and that there were only 14,000 acres of gas leases and not 100,000 acres as was alleged in the bill in this court and as also alleged in the bill in Butler County; and the chancellor also found, in general terms that: "There is no evidence of fraud in this case on the part of the individual defendants in their dealings with J. C. Trees Oil Company or with the plaintiff", and dismissed the bill.

In City of Corry v. The Corry Chair Co., 18 Pa. Superior Ct. 271, 281, the court said:

" 'A judgment settles everything involved in the right, not only matters that were raised, but those which might have been raised'. . . . 'The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceeding which was legally cognizable, and applies when a party has neglected the opportunity of trial or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding' ".

In Exler v. Wickes Brothers, 263 Pa. 150, 154, the Supreme Court said: "A suit determines not only what was but what might have been litigated therein".

In Buck v. Wilson et al., 113 Pa. 423, the court said: "To permit a party to recover in a second action what was included in and might have been recovered in the first, would be against the policy of the law and unjust, because

it would harass a defendant and expose him to double costs".

On the authority of the case just cited, and others to which reference could be made, we are of the opinion that the judgment of this court at no. 2152, January term, 1917, is res adjudicata of the right of action claimed by defendant in the action in the Court of Common Pleas of Butler County, Pennsylvania.

This court has jurisdiction to restrain the defendant personally from prosecuting his action at no. 5, June term, 1932, in the Court of Common Pleas of Butler County. We find the statement of the general rule of law in 32 C. J. 87, sec. 77 (e) :

"Where a court whose power is adequate to the administration of complete justice in the premises has acquired jurisdiction of a case, the litigation should be confined to that forum, and any attempt by either party to divert the litigation to another court will be restrained by injunction, especially after an adverse decision on the claim of the party seeking relief in a new forum. The observance of this rule is essential to the due and orderly administration of justice and the integrity of judgments and decrees".

This court has already recognized this power of restraining legal proceedings in the litigation involved and referred to in the bill of this case, in the case of Benedum et al. v. Glenn et al., 77 Pitts. 70, wherein the court, in an opinion by our late brother Martin, restrained the brother of defendant from a vexatious action against the plaintiffs in this case.

We are satisfied we not only have authority to restrain the defendant in this case, but that we should do so, because the matters involved in the two actions have been adjudicated, because the claim is a stale claim which, it seems to us, is clearly barred by laches, and because the litigation is vexatious.

" 'The general doctrine of public policy which in some·

form or other may be found in the jurisprudence of every civilized country, is, that an end ought to be put to litigation, and above all to further litigation; . . . If suits may be perpetually brought to litigate the same questions between the same parties . . . as often as either should choose, it is obvious that remedial justice would become a mockery' ": Lyons v. Importers' & Traders' National Bank, 214 Pa. 428.

The cause of action alleged in the bill in equity in the Court of Common Pleas of Butler County arose in 1910. Action was begun on this cause of action in this court in 1916. The case was tried here twice and was taken to the Supreme Court three times and each time was decided in favor of the plaintiffs, Trees and Benedum. This court found that defendant in this case was a party responsible for the actions here. Another action at law concerning the same matter was entered and the prosecution of that action was restrained. Now comes the action in Butler County begun in 1932. It seems to us to be clear that defendant should be restrained from prosecuting the action in Butler County. At the argument of defendant's preliminary objections to the bill, plaintiffs moved for a preliminary injunction and filed two injunction affidavits.

We will dismiss the defendant's preliminary objections to the bill and order him to answer the bill and will enter a preliminary injunction on the approval of a bond of the plaintiffs in the sum of $2,500.

### Supplemental opinion

GRAY, J., May 1, 1935.—On September 26, 1934, we filed an opinion and entered an order dismissing preliminary objections to the bill of complaint, giving the defendant 15 days within which to answer. At the same time we ordered that a preliminary injunction issue.

Defendant filed his answer and plaintiffs filed preliminary objections to the answer, on which the case came on for argument.

At the argument counsel for the defendant from Butler County, who did not argue the case for defendant on the preliminary objections to the bill, insisted upon rearguing the questions decided in our opinion of September 26, 1934. We allowed this reargument on the most earnest protestation of counsel that there was absolutely no authority of law for the decision which we had already made.

The gist of counsel's contention was that while one court has authority to restrain a party from prosecuting an action at law, there is no authority whatever in the United States for restraining a party from prosecuting a suit in equity. Counsel presented a very voluminous brief which we have read. In our judgment, it does not sustain the position of counsel.

One of the authorities cited by counsel for the defendant was 32 C. J. 110, sec. 126, under the subject, "Injunctions against suits in equity", in which counsel quoted the following statement of law as authority for the proposition that a court in equity cannot restrain a party from prosecuting another suit in equity:

"As a general rule, a court of equity will refuse to enjoin a party from proceeding with a suit in equity. . . . It follows that equity will not enjoin a suit to obtain an injunction, or an accounting, or a receiver."

Counsel for defendant failed to advise the court that following the quotation he made, the same authority (32 C. J. 111, sec. 126) contains a positive statement that a court of equity has power to enjoin a party from prosecuting other equitable suits, the statement being as follows:

"However, a court of equity has 'power' to enjoin a party from proceeding with other equitable suits, and such an injunction, when issued, is not void and must be obeyed; but the power should be exercised only in extreme cases. The court first acquiring jurisdiction of a case will protect that jurisdiction by enjoining an action

by the same parties on the same subject matter in another court, even though that other court may also have equity jurisdiction. Wherever complainant's rights cannot be fully protected in the other suit it will be enjoined. An injunction will be granted in actions of interpleader against the further prosecution of suits against complainant, even though one of these suits may be in equity, because of the necessity of disposing of the whole matter in one action. Where equity has undertaken to administer the assets of an insolvent corporation, so far as they are within its jurisdiction, other equitable suits for the same purpose will be enjoined. A bill of peace lies to prevent a multiplicity of suits, even though the suits may themselves be in courts of equity."

That the power of a court of equity to restrain a party from proceeding in another action is not confined to actions at law, but extends to actions in equity as well, is again stated in 32 C. J. 87, sec. 77 (e), as follows:

"Confining Litigation to One Forum. Where a court whose power is adequate to the administration of complete justice in the premises has acquired jurisdiction of a case, the litigation should be confined to that forum, and any attempt by either party to divert the litigation to another court will be restrained by injunction, especially after an adverse decision on the claim of the party seeking relief in a new forum. The observance of this rule is essential to the due and orderly administration of justice and the integrity of judgments and decrees, and in order to render valid its operation it is not essential that the element of irreparable damage should be involved. Furthermore, the propriety of the remedy by injunction is not affected by the fact that the court subsequently acquiring jurisdiction of the matter has equity as well as common-law powers."

The other authorities cited by counsel for defendant are of the same nature. They state correct principles of law under the circumstances of the cases and authorities

cited, but they are inapplicable to this case and do not sustain the extreme position of counsel for the defendant.

It is, of course, the law that under ordinary circumstances one court of equity will not enjoin the prosecution of an equitable action in another court because the cause of action may be res adjudicata, or there was laches, or that the action was vexatious, if that is all there is in the case, but the assertion of such principles in no way impairs the equally well-established law that where a court of equity has fully adjudicated a cause of action and one of the parties attempts to renew or repeat the litigation in another court, when the question of law has been fully adjudicated and the action is vexatious and there has been laches, the court first acquiring jurisdiction and adjudicating the questions involved has the power and the duty to put an end to the litigation by injunction. In a proper case there can, in reason, be no distinction between restraining an action at law and one in equity.

There is no basis in this case for the contention that the issuance of an injunction is an expression of distrust of the Common Pleas Court of Butler County, for which we have the very highest respect. The action of the court is directed against the defendant, a resident of Allegheny County, in relief of the plaintiffs, residents of Allegheny County, to restrain the unlawful conduct of the defendant. Our action has no reference whatever to the integrity or the ability of the Court of Common Pleas of Butler County. There is no restraint attempted upon that court or any action that it may see fit to take.

The answer to the bill of complaint raises no questions of fact which plaintiffs are required to meet. The answer raises only questions of law as to the power of this court to restrain the defendant. The preliminary objections to the answer are well taken and the questions raised thereby are decided against the defendant,

who is given 15 days to answer over, on failure to do which judgment will be entered against him.

### Order

And now, to wit, May 1, 1935, it is ordered and decreed that the questions of law raised by preliminary objections of plaintiffs to the answer of the defendant are decided against the defendant, and the defendant is given 15 days within which to answer over, under penalty of having judgment go against him, unless sufficient answer is filed.