**Martin v. Poole**

*Martin J. Heiligman,* for plaintiff.
*Carl N. Martin, II,* for defendant.

BARBIERI, J., August 9, 1974.—In this automobile accident case, a motion for summary judgment was granted on the ground that a prior adjudication was res judicata of the issues herein. Plaintiff and defendant are the only two parties named in the two cases and, admittedly, the issues are the same. The facts and background circumstances may be simply stated.

On June 29, 1972, plaintiff and defendant were involved in a motor vehicle collision at the intersection of Forty-sixth and Spruce Streets, Philadelphia. Plaintiff, Virgil C. Martin, instituted an action in trespass against defendant, Jean Poole, to recover damages for personal injuries allegedly suffered in the mishap. That action was filed in November 1972. Seven months later in June 1973, defendant Poole reciprocated by filing against Martin a similar action based upon the same incident. When the complaint was served upon Martin, he delivered it to his personal attorney who, in turn, forwarded it to Martin's insurance carrier which was to handle the defense in the second case: Poole v. Martin (June term, 1973, no.

3106). The carrier, however, failed to enter an appearance on Martin's behalf or to file a responsive pleading. Consequently, a default judgment was entered against Martin in the second suit on September 20, 1973. The carrier then retained counsel on Martin's behalf and sought to open the default judgment. Judge Ned Hirsh denied this petition on December 12, 1973,[1] and the case was promptly settled with the judgment marked "satisfied".

Thereafter, defendant Poole filed a motion for summary judgment in the instant case, arguing that the judgment in the terminated action was res judicata of plaintiff Martin's claims here. We agreed, and granted that motion on June 3, 1974.[2] This opinion follows plaintiff's appeal of our decision to the Pennsylvania Superior Court.

The doctrine of res judicata is essentially a vehicle for the economy of judicial resources, though its application must not be blind to the achievement of justice. The theory upon which res judicata is premised is that the parties to a controversy should be precluded from relitigating an action which has already received judicial attention.

Res judicata's invocation is contingent upon four identities: in the thing sued for, of the cause of action, of persons and parties to the action, and of quality or capability in persons for or against whom the claim is made.[3] All of these elements of res judicata are present in this case.

---

[1] In trespass cases, a petition to open a default judgment will be granted if promptly filed and if failure to appear or timely answer is reasonably explained or excused: Zellman v. Fickenscher, 452 Pa. 596, 308 A. 2d 598 (1973). The record here does not disclose the basis for refusal of the petition, but that refusal was not appealed.

[2] No oral argument was heard, the parties having certified that none was desired.

[3] See Stahl v. Hilderhoff, 432 Pa. 179, 182, 247 A. 2d 582, 583

Plaintiff concedes that the default judgment in Poole v. Martin is a final and conclusive one for res judicata purposes normally,[4] but argues that an exception should be fashioned by this court because, in insured cases like this one, there is sometimes a difference in the interests of the insured, named on the record, and his insurer who is responsible to act for him. He urges that by reason of this insurer-insured relationship he has personally been denied his day in court, since the default judgment and settlement were effected by his insurer without his knowledge or approval. Thus, his contention is that because of the failure of his insurer to perform duties which were owed by it to him, Poole should be subjected to a retrial of issues already adjudicated.

Unfortunately, we are not free to disregard the clear mandates in Pennsylvania law, nor can we, at

(1968); Stevenson v. Silverman, 417 Pa. 187, 190, 208 A. 2d 786, 787-88 (1965), cert. denied 382 U.S. 833 (1965). See, generally, 20 P. L. Encyc. "Judgment", §251.

4  When a default judgment becomes final, it is as valid as a judgment entered after full trial on the issues and is subject to the rules regarding conclusiveness of judgment, including the doctrine of res judicata. See Quaker City C. & C. Co. v. Warnock Bldg. Asso. 347 Pa. 186, 191, 32 A. 2d 5, 8 (1943) (holding that a default judgment is res judicata as to any transactions occurring before its entry); Exler v. Wickes Bros., 263 Pa. 150, 154, 106 Atl. 233, 234 (1919) (standing for the general proposition that a default judgment is as conclusive as one entered on the verdict); Roberts v. Gibson, 214 Pa. Superior Ct. 220, 225, 251 A. 2d 799 (1969), allocatur refused. See generally, 6A Standard Pa. Pract. §235; 50 C.J.S. Judgments, §706; 20 P. L. Encyc. Judgment, §280.

The finality of judgment rule applies in default judgment cases in the absence of fraud or collusion, neither of which is alleged here. See Exler v. Wickes Bros. supra; Edwards v. Johnson et al., 215 Pa. Superior Ct. 390, 259 A. 2d 183 (1969). The general rule is that a challenge on such basis must be made by direct attack (e.g., petition to open judgment) rather than collaterally. We emphasize again that plaintiff Martin has made no such allegations.

this level, declare an exception to rulings laid down by our appellate courts. While we have sympathy for a plaintiff whose remedy against a tortfeasor has been foreclosed by the default of his agent, the insurance carrier, the separate and personal day in court that he asks for in this proceeding must be sought elsewhere. In essence, he is urging that Poole be brought in again because of the delinquency of his, Martin's, own insurer. The delinquency involved, of course, is that of the insurer in the manner in which it complied with its contractual obligations owed to plaintiff under a contract to which, of course, Poole is not a party.[5]

Plaintiff's reliance upon certain subrogation cases, we believe, is misplaced. In such cases, the carrier seeking to exercise its subrogation right is actually proceeding on its own behalf and not solely on behalf of its insured, as in a case like this one. Thus, it can be argued in such a subrogation suit that the insured, the named party, and the insurer, the real party in interest, do not have the same interests at stake. See Stahl v. Hilderhoff, 432 Pa. 179, 247 A. 2d 582 (1968).

In Stahl, plaintiff's carrier had succeeded in a proceeding brought in her name in obtaining a default judgment solely for *property damages.* This suit was without her knowledge or consent, and she refused to accept a check tendered her from the proceeds by her insurer. It was held that her own action for *personal injuries* was not barred by the prior judgment. There, plaintiff was the winner in the prior case and not the loser, as in the instant case.

In Stahl the res judicata contended for could not negate plaintiff's claim for negligence because the res judicata was in her favor, that defendant was negli-

---

[5] See Dally v. Pa. Thresherman & Farmers' Mut. Cas. Ins. Co., 374 Pa. 476, 97 A. 2d 795 (1953).

gent and she was not. The damage issue was not foreclosed, because no claim for personal injuries was made in the prior suit. Also, as the court stated, in an opinion by Mr. Justice (now Chief Justice) Jones, plaintiff had not consented to, or had knowledge of, the earlier proceedings, so that there would in this sense be no identity of parties. In this case, of course, plaintiff and his attorney had notice and knowledge of the other proceeding.

Accordingly, on our review of the applicable law, we conclude as we did in granting the motion for summary judgment, that plaintiff is barred from relitigating the previously adjudicated issues in this case.