## Stradley *v*. Bath Portland Cement Company, Appellant.

*Res adjudicata—Master and servant—Judgment.*

1. Where a person employed for one year at a fixed salary payable in monthly installments, brings an action against his employer to recover the first month's salary, and in his statement of claim duly sets forth the contract and its terms, and avers performance of duties, and nonpayment for same, and judgment is entered against the defendant for want of an affidavit of defense, and such judgment is paid, the judgment if unimpeached and unreversed, is res adjudicata in a later suit to recover other monthly installments of pay, as to all matters relating to the contract set forth in the plaintiff's statement of claim in the first suit.

2. In such a case the fact that the first suit was on the contract for one month's salary, and the second for damages arising from a breach of the contract, makes no difference as to the application of the doctrine of res adjudicata to such material issuable facts as are common to both.

*Master and servant—Salary—Installments—Actions.*

3. When an employee on a contract for a fixed period, at a per annum salary payable monthly, has been wrongfully discharged, he can, if he sees fit, bring a separate action as each installment of salary

falls due; yet if no action is brought until more than one is due, all installments that are then due must be included in the one action; and if an action is brought when more than one is due, a recovery in such action will be an effectual bar to a second suit brought to recover installments which were due at the time of the inception of the first action; and this on the theory that a judgment settles everything involved in the right to recover, not only matters that were raised, but those which might have been raised.

Argued March 22, 1910. Appeal, No. 408, Jan. T., 1909, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1909, No. 3,432, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Benjamin F. Stradley v. Bath Portland Cement Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed with modification.

Assumpsit to recover monthly installments of salary. Before SULZBERGER, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Tustin & Wesley*, for appellant.—Each action for installments due must include every installment due when suit is commenced: Seed v. Johnston, 63 N. Y. App. Div. 340; Lorillard v. Clyde, 122 N. Y. 41 (25 N. E. Repr. 292); Jex v. Jacob, 7 Abb. N. Cas. 452; Underhill v. Collins, 133 N. Y. 685 (31 N. E. Repr. 628); Morrison v. De Donato, 76 Mo. App. 643; Stiles v. Himmelwright, 16 Pa. Superior Ct. 649; Smith v. Lumber Co., 142 N. C. 26 (54 S. E. Repr. 788); Logan v. Caffrey, 30 Pa. 196; Secor v. Sturgis, 16 N. Y. 548; Burritt v. Belfy, 47 Conn. 323.

There is no doubt that the law of Pennsylvania has always been that a judgment entered not on the merits but by reason of technical defects either in the pleadings

or the form of the suit was not res adjudicata, such as judgment for costs, judgment of nonsuit and the like: Levison v. Blumenthal, 25 Pa. Superior Ct. 55; Place v. Landsdale, etc., Turnpike Rd. Co., 8 Montg. County L. R. 63.

*Alex. Simpson, Jr.,* with him *Bernard J. O'Connell,* for appellee, cited: Allen v. Textbook Co., 201 Pa. 579; Allen v. Engineer's Co., 196 Pa. 512; Lorillard v. Clyde, 122 N. Y. 41 (25 N. E. Repr. 292); Hess v. Heeble, 6 S. & R. 57; Sterner v. Gower, 3 W. & S. 136.

OPINION BY MR. JUSTICE MOSCHZISKER, April 25, 1910:

The court below entered judgment for want of a sufficient affidavit of defense.

The plaintiff first sued the defendant on April 19, 1909. The statement was filed April 28, 1909, and claimed $416.66, for one month's salary from October 28 to November 28, 1908, averring: "On or about the 28th day of October, 1907, in pursuance of a verbal agreement with the board of directors of the defendant company, the plaintiff was elected vice president of the said company at a salary of $5,000 a year; which said salary was to be paid in monthly installments; and as such officer of said company he was to perform such duties as the said board of directors should assign to him. That in pursuance of the said agreement the plaintiff entered upon the performance of the said duties, which for the year in question were those of general sales-agent. That on or about the 28th day of October, 1908, the plaintiff was re-elected to said office, and the said board of directors assigned to him for the ensuing year, in addition to his regular duties as vice president, the office of general manager, etc., at Bath, Pa." On April 28, 1909, the defendants entered an appearance, and on May 27, 1909, the plaintiff took judgment for want of an affidavit of defense; which judgment was paid by the defendant on June 9, 1909. After this the plaintiff brought a second

suit to recover $4,583.26, eleven months' salary from November 28, 1908, to October 28, 1909. In this case he filed a statement of claim containing precisely the same averments as those just quoted from the statement in the former action, in addition to which he averred: "That he performed his duties up to the eighth day of February, 1909, when he was wrongfully and maliciously prevented by the defendant company from the further performance of the said duties, and was discharged by the said company from the said employment" and, "The said plaintiff has continued from the said time ready and willing at all times to perform said duties or such duties as might be assigned to him." He also averred the facts as to the former action, and that the judgment in that suit "stands to this day unappealed from and unreversed."

The defendant filed an affidavit and a supplemental affidavit of defense, in which it set up as a defense to the whole claim: that there was no contract for the employment of the plaintiff or for his election to office when he was elected second vice president of the defendant company on October 28, 1907, with an admission that his salary was then fixed by the board of directors at $5,000 a year; that when the plaintiff was elected vice president on October 28, 1908, no salary was fixed, and at that meeting he with other members of the board of directors delegated to the executive committee of the board the power and authority to fix the salaries of all the officers of the company; that on October 29, 1908, the executive committee concluded that no salary was to be paid to the plaintiff as vice president, and elected him to the office of manager at Bath at a salary of $250 per month, and so notified him by letter on December 1, 1908; that the plaintiff held his office as vice president and general manager until February 8, 1909, when he severed his connection with the company; that the board of directors never made any agreement with the plaintiff to pay him $5,000 a year, and that the plaintiff was never elected to the office of vice president in pursuance of any

contract, but held the office at the pleasure of the board of directors; and finally, a general denial that the plaintiff was wrongfully and without cause prevented by the defendant from the further performance of his duties, or that he was discharged from his employment, "as in said statement of claim averred," and an averment that "the said plaintiff, being unwilling to accept $250 per month salary as manager of the Bath office, and being unwilling to serve as vice president without compensation, he withdrew from the service of the defendant company on or about the 8th day of February, 1909, as in the said statement of claim averred, but the defendant denies that on said day, as in said statement of claim averred, the plaintiff was wrongfully and maliciously prevented from a performance of the said duties assigned to him, as second vice president. The defendant avers that the said plaintiff was discharged from his employment as manager of the Bath office on or about the 8th day of February, 1909." The averments as to the payment of salary are extremely vague, but it is not averred that any part of the salary sued for has been paid, or even that the salary at the rate of $250 per month was paid up to February 8, 1909.

A second defense was that by bringing suit on April 19, 1909, for only one month's salary ending November 28, 1908, the plaintiff waived all other salary due between the latter and the former dates, and that he is now estopped from claiming the salary so waived.

Both of these defenses were adjudged insufficient and judgment was entered for $4,735.80, the full amount of the claim with interest. An appeal has been taken by the defendant.

The court below states: "As to the first defense, it is clear that under ordinary circumstances the denial as made by the affidavit of defense would be sufficient to send the case to a jury. The plaintiff, however, contends that such an effect cannot follow here, because the existence of the contract declared on and its terms are

res adjudicata. The defendant denies this effect to the judgment in the previous case because it was a judgment procured without an issue of fact, or law, being taken for want of a sufficient affidavit of defense. There never having been any denial of the plaintiff's averments, it is contended that the binding effect of the judgment is limited only to the matter or thing in controversy in that case, namely, the one month's salary; that while no question could ever be raised again as to that, yet as to any other ·month's salary, or any other terms of the contract, the question remains open and undecided, because it has never been contested." In disposing of these contentions the learned judge of the common pleas filed an opinion in which he amply sustained his rulings on this branch of the case, and we cannot do better than to quote from and adopt part of that opinion: "The question can no longer be said to be arguable. It is settled public policy that validity must be attributed to judgments of courts, and that when a matter has once properly passed to final judgment, it has become res judicata, and the same matter between the same parties cannot be reopened or subsequently considered, save only by a direct appeal for reconsideration to the tribunal that gave the first judgment, or by proceedings for reversal had in an appellate court. So long as a judgment stands unreversed and unappealed from it may not be questioned in any other case. And the circumstance that there was no legal contest in reaching the judgment does not impair its effect. The modern decisions in England and in this country are at one on this point. In South American and Mexican Company v. Bank of England (L. R. 1895, 1 Chancery, 37, 44) Sir Roland Vaughn WILLIAMS stated the doctrine in these words: 'It has always been the law that a judgment by consent or by default raises an estoppel just in the same way as a judgment after the court has exercised a judicial discretion in the matter. The basis of the estoppel is that, when the parties have once litigated a matter, it is in the interest of the state

that litigation should come to an end; and if they agree upon a result or upon a verdict, or upon a judgment, or upon a verdict and judgment, as the case may be, an estoppel is raised as to all the matter in respect of which an estoppel would have been raised by judgment, if the case had been fought out to the bitter end.' And in the same case the Lord Chancellor (HERSCHELL) used this language: 'The truth is, a judgment by consent is intended to put a stop to litigation between the parties just as much as is the judgment which results from the decision of the court after the matter has been fought out to the end.' And these views are exactly in line with those of our courts. In Orr v. Mercer County Mut. Fire Insurance Company, 114 Pa. 387, it was held, that, 'A confession of judgment in a cause at issue in the court of common pleas, on an appeal from a justice of the peace is conclusive upon the defendant as to the right of the plaintiff to recover other payments on the same contract, in subsequent actions, in which the defense is the same as that made before the justice of the peace in the former action.' And in delivering the opinion of the court, Mr. Justice TRUNKEY said (p. 392): 'In legal effect, while it stands, a judgment by default or confession is the same as upon a verdict.' And in support of the doctrine cites the case of Newton v. Hook, 48 N. Y. 676, in the following words: 'Suit was brought on two notes against the maker and indorser to recover a payment of interest; the defendant appeared by counsel, but made no answer, and judgment was taken by default. Subsequently, the same plaintiff brought suit against the indorser on three notes, two of them being the two in the former suit, all made in the same transaction, and the defendant set up usury which would have invalidated the notes, and it was ruled that the former judgment was conclusive of the plaintiff's right to recover.' And this doctrine was emphatically reaffirmed by Mr. Justice FELL in Schwan v. Kelly, 173 Pa. 65, 71, in these words: 'The rule that what has been judicially determined shall not again be made the

subject of controversy extends to every question in the proceedings which was legally cognizable, and applied where a party has neglected the opportunity of trial, or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding.' In the case before us, no judgment could have been entered for want of an affidavit of defense, unless the statement had presented a valid ground for such judgment, and the ground presented was, that there was a contract for the salary sued for; that it was payable monthly, and that it had not been paid for the first month. The entry of the judgment judicially ascertained these facts, and as that judgment stands unreversed and unappealed from, those facts are in law absolute and cannot be gainsaid in another proceeding. If the defendant felt that in justice he ought to escape their consequences, it was his duty to show to the court that entered the judgment some reason why it should be set aside or modified. He failed to do that, but, on the contrary, paid the amount, which payment was, in law, a declaration that he had no reason to question the facts found by the judgment, and these are now res judicata. The defense is therefore ineffectual, and the plaintiff is entitled to recover."

In addition to the cases cited in the opinion of the court below, we have the case of Allen v. Textbook Co., 201 Pa. 579, wherein it was ruled: "Where a person is employed for one year at a fixed salary, payable in weekly installments, and is discharged during that period, and two weeks afterwards sues for two installments of his salary, and recovers a judgment, which is paid, such a judgment conclusively establishes the wrongfulness of the discharge, and in an action brought after the period of employment had expired to recover salary for the balance of the year, the question of the wrongfulness of the plaintiff's discharge cannot again be inquired into;" and Pennock v. Kennedy, 153 Pa. 579, to the effect that a judgment is conclusive not only of the matters that were

actually considered, but of those that might have been considered if the defendant had exercised the vigilance that the law requires.

Aside from the general question of the applicability of the principles of res adjudicata to a judgment by default, the defendant contends that the declaration in the first case failed to sufficiently aver a contract of employment at a fixed salary or for any definite time, or that the plaintiff's second election was in pursuance of the alleged original contract, and therefore that these matters cannot be said to have been adjudicated in that suit. But the defendant loses sight of the fact that in this other action the plaintiff was suing for the first monthly installment of salary which had accrued after his election for the second year, and that all of the averments as to the origin of the contract were for the purpose of showing a right to recover the amount claimed, $416.66, on an employment under a yearly contract at a salary of $5,000. Although the declaration was not stated with technical nicety, no attack having been made on it by demurrer or rule for a more specific statement, and there having been no rule to strike off or open the judgment entered thereon, and that judgment not only remaining unappealed from, unimpeached, and unreversed, but having been actually paid by the defendant company, it is now too late to raise these questions. We must assume that the judgment was properly entered, and that all material issuable facts stated or implied in the declaration were well pleaded, and it only remains to see what facts of that nature were involved. They were: 1. That in pursuance of a contract the plaintiff on October 28, 1907, was elected and employed by the year at a salary of $5,000 per annum, to be paid monthly. 2. That he was to perform such duties as might be assigned to him. 3. That he entered upon and did perform these duties. 4. That on October 28, 1908, he was re-elected under this contract for the ensuing year, and entered upon the performance of his duties. 5. That there had been a breach

of the contract of employment by the defendant, and not by the plaintiff. All of these matters were either averred or implied, and on the theory upon which the plaintiff stated his case they were material to a recovery; for that reason we must take them to have been well pleaded, and the principles of res adjudicata apply.

This brings us to the second declaration. All of the issues which we have just enumerated as adjudicated under the first declaration are attempted to be raised by the second, and the only material new ones relate to the nonpayment of the amount sued for and the discharge. There is no sufficient denial of either of these. As to the first, there is practically no denial at all; and in regard to the second, the facts averred by the defendant are not sufficient in law to overcome the allegations of the plaintiff. The plaintiff says the discharge was a wrongful one, and the defendant answers that it was not wrongful, because the plaintiff was not employed at an annual salary for a fixed period, as alleged in his statement of claim, but was employed subject to the right of the executive committee to discharge him at any time; that his salary as second vice president had been taken away by resolution of that committee, and that he had been properly discharged. This claim of right on the part of the defendant depends upon the ascertainment of a contract materially different from the one relied upon by the plaintiff and adjudicated in the first suit; that is, a contract not for one year's employment at $5,000, but for an employment subject to discharge or reduction in salary at the will of the defendant. The defendant neither contends nor attempts to show that the plaintiff was properly discharged under the contract declared upon by him in both the first and the present action, but contents itself with a denial of that contract, and justifies the discharge by averring another and essentially different one. The court below very correctly concluded that the judgment in the first suit barred the defendant from setting up this new contract.

In addition to this, although the affidavit sets forth a copy of the notice sent to the plaintiff of the resolution cutting off his salary as second vice president, yet it fails to give a copy of such resolution. For all that can be told from the affidavit as drawn, it may be that the affiant is merely averring his conclusions as to the effect of the resolution passed by the executive committee, and that his conclusion could not be supported in law if the resolution were set forth verbatim et literim.

The defendant further contends that because the first suit was on the contract for one month's salary, and the second for damages arising from a breach of the contract, the principles of res adjudicata do not apply. While the legal theory upon which the two actions are grounded may not be the same, yet this can make no difference in the application of the doctrine of res adjudicata to such material issuable facts as are common to both.

We are brought to the conclusion, in view of the matters adjudicated in the first suit, that the averments in the affidavits of defense are not sufficient to justify sending the case to a jury, and the court below was right in so ruling.

In the determination of the second defense, the court below fell into error. When an employee on a contract for a fixed period, at a per annum salary payable monthly, has been wrongfully discharged, he can, if he sees fit, bring a separate action as each installment of salary falls due; yet if no action is brought until more than one is due, all installments that are then due must be included in the one action; and if an action is brought when more than one is due, a recovery in such action will be an effectual bar to a second suit brought to recover installments which were due at the time of the inception of the first action; and this on the theory that a judgment settles everything involved in the right to recover, not only matters that were raised, but those which might have been raised. This rule was recognized and applied in Jenkins v. Scranton, 205 Pa. 598. When the plaintiff

brought his action on April 19, 1909, for one month's salary from October 28 to November 28, 1908, he did not include the other four months' salary which were then due. The four months omitted in that action he included in his present suit; and this he had no right to do.

We eliminate the four months' salary with interest amounting to $1,751.28, and affirm the judgment in favor of the plaintiff for $2,984.52.