626 A.2d 1141

**William J. FOX, Appellant,**

v.

**Frank K. GABLER, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided May 27, 1993.

Reargument Denied July 14, 1993.

Charles J. Weiss and Lizabeth A. Auspitz, Fort Washington, for appellant.

Frank K. Gabler, pro se.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of William J. Fox (Appellant) from the Order of the Superior Court affirming in part and reversing in part the Final Decree of the Court of Common Pleas of Montgomery County which had awarded him substantial damages as his share of profits in a partnership with Frank K. Gabler (Appellee) and remanding the matter to that Court with instructions that it enter an award for Appellant in the amount of $38,000.00.

Appellant initially instituted the present action in equity in 1974 seeking an accounting from Appellee alleging that an agreement existed between the parties wherein Appellant advanced sums to Appellee as capital for the opening of a bar and restaurant and that Appellant had never received an accounting or a share in any profits from this restaurant. Appellee filed an Answer to the Complaint, wherein he denied the existence of any such agreement and in his New Matter alleged that if any such agreement existed, it would be in violation of the Liquor Control Act, which forbids an undisclosed person from having a pecuniary interest in a licensed business. 47 P.S. § 4–404.[1]

1. 47 P.S. § 4–404 of the Liquor Code, Act of April 12, 1951, P.L. 90, Art. I, § 101 et seq., as amended, regulates the issuance of hotel, restaurant and club liquor licenses and provides in pertinent part:

Upon receipt of the application ... and upon being satisfied of the truth of the statements in the application that the applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed and that no other person will be in any manner pecuniarily interested therein during the continuance of the license

Nine years after the Complaint was filed, in response to Appellee's failure to respond adequately to discovery requests, the Court of Common Pleas, per Judge Davenport, granted sanctions in the form of a default judgment against Appellee to Appellant's complaint. The default judgment was affirmed by the Superior Court (see *Fox v. Gabler*, 335 Pa.Superior Ct. 638, 484 A.2d 815 (1984)), and we denied allocatur review.

The matter was then returned to the Chancellor (Honorable Albert R. Subers, Judge of the Court of Common Pleas of Montgomery County) for the determination of damages. Appellee filed a Motion for Summary Judgment arguing that damages could not be awarded since the underlying agreement was in violation of the Liquor Code. The Chancellor declined to rule on this motion finding that it was filed out of time, and after considering the evidence of lost profits submitted, awarded $408,750 in lost profits and $65,200 as reimbursement of the original capital investment. The Final Decree reduced the amount of capital investment to $28,500 but allowed the lost profits award to remain intact.

The Superior Court, in an unpublished memorandum opinion, reversed the lost profits award and held that the Motion for Summary Judgment should have been disposed of on its merits in favor of Appellee. The Superior Court concluded that the effect of the default judgment was to establish as fact the allegation that Appellant was an undisclosed partner in a licensing venture and that this arrangement was illegal by virtue of the Liquor Code. Accordingly, the Superior Court ruled that Appellant's illegal agreement with Appellee was unenforceable and, therefore, vacated the award for lost profits. *Fox v. Gabler*, 406 Pa.Superior Ct. 668, 583 A.2d 837 (1990). The Superior Court remanded the matter to the trial court with instructions that an award be entered in the amount of $38,000 representing Appellant's initial capital in-

... the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license....
As amended September 2, 1971, P.L. 429, No. 103, § 1. As reenacted and amended June 29, 1987, P.L. 32, No. 14, § 25, effective July 1, 1987.

vestment and an award of a $10,000 bond payment paid by Appellee to Appellant.

We granted allocatur review in this matter to examine whether it is appropriate to disregard the finality of a judgment in a damages proceeding on the grounds that the underlying cause of action is based on an unenforceable contract.

Initially we note, where a court imposes a judgment by default against a defendant as a sanction for failure to respond adequately to discovery requests, it is acting well within its discretion and the latitude given it by our Rules of Civil Procedure to enter "a judgment by default against the disobedient party." Pa.Rule of Civil Procedure 4019(c)(3). Once all direct appeals are exhausted from the entry of such a judgment, we long ago concluded that the judgment by default is *res judicata* and quite as conclusive as one rendered on a verdict after litigation insofar as a defaulting defendant is concerned. *Zimmer v. Zimmer*, 457 Pa. 488, 326 A.2d 318 (1974); *Devlin v. Piechoski*, 374 Pa. 639, 99 A.2d 346 (1953); *Exler v. Wickes Brothers*, 263 Pa. 150, 106 A. 233 (1919); *Stradley v. Bath Portland Cement Company*, 228 Pa. 108, 77 A. 242 (1910).

In the case *sub judice*, the judgment by default was entered as a sanction, was affirmed by the Superior Court and we declined to accept further review. Accordingly, as between Appellant and Appellee, the judgment is final and conclusive not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding but also as respects any other available matter which might have been presented to that end. *Federal Land Bank of Baltimore v. Putnam*, 350 Pa. 533, 39 A.2d 586 (1944).

The judgment, being final, established Appellant's right of recovery but because the damages were not for a sum certain, it was appropriate for a final decree to be fashioned which would set the amount of damages due Appellant. Pa. Rule of Civil Procedure 1511(b). It was at this point that Appellee filed his Motion for Summary Judgment raising the

illegality of the agreement between himself and Appellant as a bar to Appellant's recovery in his action. As previously indicated, the Chancellor refused to consider this motion, ruling that it had been filed out of time. We agree.

The purpose of this motion was to bring to the attention of the Chancellor, once again, Appellee's argument that Appellant's contract upon which he relied to establish his cause of action was illegal. This, however, is a defense which had already been raised in Appellee's answer and new matter to the original complaint, but because of Appellee's disobedience to discovery orders, was effectively abandoned by him through his conduct when the judgment by default was entered against him. It is true that the defense of illegality can be raised in a subsequent proceeding, but only where it has not risen in the former pleadings and where the facts giving rise to the illegality of the transaction sued upon appear on the face of the record. See, *e.g., Norristown Ford Co. v. Metropolitan Auto Dealer, Inc.,* 183 Pa.Superior Ct. 645, 132 A.2d 725 (1957). But where the issue of illegality has been ignored in the pleadings or subsequent stages of an original proceeding, the doctrine of *res judicata* is fully applicable and bars a reconsideration of the issue in a subsequent proceeding. *Duquesne Light Co. v. Pittsburgh Railways Co.,* 413 Pa. 1, 194 A.2d 319 (1963).

Appellee's conduct in the previous action was certainly the equivalent of ignoring a valid defense to Appellant's action and our holding in *Duquesne Light Co.* is controlling and bars Appellee from relitigating the enforceability of the underlying contract via the Motion for Summary Judgment. The Chancellor was correct in refusing to consider this motion and properly limited its inquiry to an assessment of the amount of damages owed Appellant.

Accordingly, the order of the Superior Court is reversed and the matter remanded to that court so that it may determine whether sufficient evidence supports the damage award and to dispose of those additional issues raised by the parties

which were not addressed by the Superior Court because of its disposition of this matter.

LARSEN, J., did not participate in the consideration or decision of this case.