Stanley SCHULDINER, Plaintiff,

v.

KMART CORPORATION, Defendant.

Civil Action No. 94–CV–5704.

United States District Court,
E.D. Pennsylvania.

Sept. 21, 2006.

Stanley Schuldiner, Philadelphia, PA, Pro se.

Candace A. Mueller, White and Williams, Philadelphia, PA, Joseph W. Gibley, Gibley & McWilliams PC, Media, PA, for Defendant.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

On October 13, 1994, plaintiff filed this pro se action against defendant Kmart and over 200 of Kmart's employees (Document # 3). Plaintiff amended his complaint on November 2, 1994 (Document # 4). The amended complaint asserts claims for battery, sexual assault, sexual harassment, false arrest, false imprisonment, kidnaping, defamation, intentional and negligent infliction of emotional distress, malicious prosecution, and due process violations. According to the amended complaint, these acts occurred on September 17, 1992 when a security guard at Kmart "grabbed plaintiff" and "smothered each and every part of his body against each and every part of plaintiff's body" with the "sole purpose and intent . . . to dominate plaintiff and derive sexual pleasure." Plaintiff also claims that a video game he was trying to return to Kmart at the time was broken during the incident.

## PROCEDURAL HISTORY

Plaintiff filed four separate actions in the Philadelphia County Court of Common Pleas ("state court actions") against Kmart and other defendants, some not named in this action, asserting many of the same claims allegedly arising out of the same September 17, 1992 incident (*Case No. 92–09–1929* and related *Cases Nos. 93–12–0605, 94–01–03848,* and *94–09–1542* ).[1] The chronology of the present action and the state court actions is as follows: [2]

---

1. I take judicial notice of all state court records, including pleadings, orders and dockets.

2. Notations in bold indicate the present action.

| DATE | ACTION |
|---|---|
| September 18, 1992 | Complaint filed in case 92–09–1929 against Kmart and a Kmart employee. |
| December 7, 1993 | Complaint filed in case 93–12–0605 against Kmart, Kmart employees, and a security guard. |
| February 3, 1994 | Complaint filed in case 94–01–3848 against Kmart, Kmart employees, and a security guard. |
| September 16, 1994 | Complaint filed in case 94–09–1542 against Kmart, Acme, MAB Painting and Wallcovering, Safeguard Security, and employees of these companies. |
| November 2, 1994 | **Amended complaint filed pro se against defendant Kmart and over 200 of its employees (Document # 4).** |
| April 12, 1996 | In case 92–09–1929, plaintiff's claims for "emotional distress, mental damages, psychological damages, and any other damages related to mental psychological disorders and damages" were dismissed with prejudice (Document # 160, Exhibit D). |
| April 22, 1996 | **The parties stipulated to dismiss all claims against the individual defendants (Document # 148).** |
| August 26, 1996 | **Because Kmart was unintentionally included in the April 22, 1996 stipulation of dismissal, and because the plaintiff was filing pro se, I granted plaintiff's motion to vacate the stipulation as to Kmart (Document # 156).** |
| August 21, 1997 | **Case placed in civil suspense pending the outcome of plaintiff's state court actions (Document # 159).** |
| September 2, 1997 | Case *94–01–3848* Settled, Discontinued and Ended. |
| June 29, 1998 | Defendants granted summary judgment in *92–09–1929* and all remaining claims were dismissed with prejudice (Document # 188, Exhibit B). |
| May 3, 1999 | **Kmart moved for summary judgment asserting res judicata (Document # 160).** |
| August 9, 1999 | In *92–09–1929,* summary judgment was reaffirmed as to all defendants except defendant Safeguard Security (Document # 188, Exhibit B). |
| January 13, 2000 | **Case placed in civil suspense pending final determination of the other state court cases (Document # 170).** |
| January 8, 2002 | Case *94–01–03848* disposed based on a settlement entered on September 2, 1997.[3] |
| January 9, 2002 | Cases *94–09–1542* and *93–12–0605* both disposed based on the June 29, 1998 order granting Kmart summary judgment in case 92–09–1929. |
| January 25, 2002 | Kmart petitioned the U.S. Bankruptcy Court, Northern District of Illinois, Eastern Division for Chapter 11 relief. |
| April 30, 2002 | **Case placed in civil suspense pending termination of automatic stay granted by Bankruptcy Court (Document # 179).** |
| January 20, 2005 | The docket for case *92–09–1929* indicates that no action was taken between August 9, 1999 and January 20, 2005. On January 20, 2005, the case records were disposed "in accordance with the provisions of the County Records Act and R.J.A. No. 507(a)."[4] No further action was taken on this matter in state court. |
| May 17, 2005 | The Bankruptcy Court presiding over Kmart's reorganization allowed "the liquidation of the Schuldiner claim to proceed in a non-bankruptcy forum." |
| March 19, 2006 | **Case removed from civil suspense (Document # 184).** |
| June 28, 2006 | **Defendant again filed a motion for dismissal and/or summary judgment based on principles of res judicata and collateral estoppel (Document # 188).** |

## MOTION FOR SUMMARY JUDGMENT

Plaintiff's sole response to defendant's motion for summary judgment based upon res judicata is that "res judicata only applies over final orders," and one of the aforementioned state cases is not "final" (Document # 190).

---

**3.** "Disposed" is the term used in the last entries of the state court dockets.

**4.** PA.R.J.A. No. 507(a)(1), 42 Pa.C.S.A. instructs Common Pleas Court Prothonotaries and Clerks of Courts to dispose records "in conformity with the applicable record retention schedules and the conditions stipulated therein promulgated from time to time by the County Records Committee under the act of August 14, 1963 (P.L. 839, No. 407) (16 P.S. section 13001 et seq.)."

Plaintiff first asserts that "[o]ne defendant remains in the state case, Safeguard Security. Plaintiff must first have a trial against Safeguard before plaintiff can appeal the summary judgment in favor of Kmart. Kmart filed the bankruptcy stay with the state court, which was keeping plaintiff from getting his trial against Safeguard."

Secondly, plaintiff argues that "[t]he court should not dismiss the case because plaintiff has not yet had appellate review of the state court ruling giving summary judgment. At worst, the court should stay the case until a final state judgment is entered, and the state appeals court affirms the summary judgment in Kmart's favor."

In summary, plaintiff challenges finality on two grounds: 1) he intends to appeal the summary judgment ruling in favor of Kmart, and 2) summary judgment was not granted as to Safeguard Security, so he may continue to prosecute his case against Safeguard Security in what would technically be the same state court case.

### DISCUSSION

■ "Federal courts must 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir.1994) (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)); *see also Turner v. Crawford Square Apartments*, 449 F.3d 542, 548 (3d Cir.2006) (finding plaintiff's claim precluded by a prior Pennsylvania Court of Common Pleas case). Because plaintiff's state court actions against defendant Kmart were all filed and dismissed in Pennsylvania, Pennsylvania rules as to res judicata apply.

■ In Pennsylvania, "for the doctrine of res judicata to prevail, there must be a concurrence of four conditions: (1) Identity in the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72, 74 (1974) (citations omitted). Plaintiff does not dispute that these conditions have been met, but rather argues that "res judicata only applies over final orders" (Document # 190). In other words, he argues that summary judgment does not constitute a final judgment on the merits because such a judgment may be appealed.

First of all, plaintiff's assertion that Safeguard Security is still a viable defendant in case *92–09–1929* is simply incorrect. There was no activity whatsoever in that case between August 9, 1999, when Kmart was dismissed from the case notice was given, through January 20, 2005, when the record was disposed of and destroyed in accordance with the Philadelphia County and Pennsylvania state law.[5] The Common Pleas records and the records of the Superior Court of Pennsylvania indicate that no appeal was taken.

■ Even if the facts were as Schuldiner states—namely a chance for appeal—res judicata would apply. Under Pennsylvania law, "the general rule for either collateral estoppel or res judicata to apply is that a final and valid judgment must have been entered." *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d

---

5. As for Schuldiner's contention that "Kmart filed the bankruptcy stay with the state court, which was keeping plaintiff from getting his trial against Safeguard," Schuldiner is simply incorrect. There in no entry on the *92–09–1929* case docket indicating a stay after Kmart filed a Notice of Bankruptcy Filing and Automatic Stay on January 5, 2002. This is of no surprise; Kmart was dismissed from the action about three years earlier.

72, 75 (1974) (citations omitted). The term "summary judgment" earned its name because such judgments are " 'summary' in the sense that a final disposition is made of the case at an early stage." CHRISTINE M. GIMENO, 3 GOODRICH AMRAM § 1035.1:4 (2d ed.2006) (discussing the origin of the summary judgment rule in Pennsylvania); *see also Tarasi v. Pittsburgh Nat'l Bank,* 1978 WL 251 (Pa.Com.Pl.1978) (finding that "summary judgment is per se a judgment on the merits."). The preclusive effect of summary judgments is consistent with the Commonwealth's general understanding of the purpose of res judicata.

> The rule [of res judicata] should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose, a second trial on the same cause between the same parties. *The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights.* If this be the fact, then the matter ought not be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule.

*Mintz v. Carlton House Partners, Ltd.,* 407 Pa.Super. 464, 595 A.2d 1240, 1247 (1991) (citing *Stevenson v. Silverman,* 417 Pa. 187, 208 A.2d 786, 788 (1965)) (emphasis in Mintz); *see also Callery v. Municipal Authority of Blythe Tp.,* 432 Pa. 307, 243 A.2d 385, 387 (1968), *In re Jones & Laughlin Steel Corp.,* 328 Pa.Super. 442, 477 A.2d 527, 531 (1984).

■ Furthermore, Pennsylvania law does not require that courts await appellate review in an initial action before res judicata or collateral estoppel may apply to a second action. " 'Postponing finality of a judgment for purposes of res judicata until appellate review is concluded tends toward duplication of litigation, or its protraction, with the second action marking time until the entire process of appeal is completed in the first action.... Holding that a judgment is final despite pendency of an appeal and is thus available for res judicata in a second action ... seems the best general solution....' " *Yonkers v. Borough,* 702 A.2d 618, 620–1 (Pa.Cmwlth.1997) (quoting *Restatement (Second) of Judgments* § 13 cmt. f, reporter's note); *see also Application of Pennsylvania Turnpike Commission,* 715 A.2d 1219, 1223 n. 9 (Pa.Cmwlth. 1997) ("For purposes of collateral estoppel, a judgment is deemed final unless or until it is reversed on appeal").

Plaintiff's purported plan to continue to prosecute his case against Safeguard Security in state court is irrelevant to this litigation, in which Kmart is the only remaining defendant. Nor does Schuldiner's plan to appeal the summary judgment rulings against him in state court affect the finality of the state trial court decisions.

Plaintiff has had ample opportunity to litigate his claims in state court, where he had a right to appeal and the record was more fully developed. For the sake of comity, finality, and judicial economy, res judicata bars plaintiff from further relitigating his case in this Court.

### ORDER

AND NOW, this 21st day of September 2006, it is hereby ORDERED that Defendant Kmart's Motion for Summary Judgment (Document # 188) is GRANTED and this case is dismissed with prejudice.