

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# Schuldiner v. K Mart Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1836

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Schuldiner v. K Mart Corp" (2008). *2008 Decisions.* Paper 897.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/897

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1836
_____

STANLEY SCHULDINER,

Appellant


v.


K MART CORPORATION; JOSEPH ANTONINI; RICHARD S. MILLER; GLEN B.
SMITH; JOSEPH R. THOMAS; GEORGE R. MRKONIC; THOMAS F.
MURASKY; ANTHONY N. PALIZZI; DAVID M. CARLSON; FREDERIC M.
COMINS, JR.; DONALD W. KEEBLE; ANTHONY R. MAURO; THOMAS W.
WATKINS; JAMES P. CHURILLA; JAMES E. FORD; GERALD K. HABECK;
PAUL J. HUEBER; NANCIE W. LADUKE; MICHAEL T. MACIK; JAMES L.
MOSER; THOMAS M. NIELSEN; PETER J. PALMER; WILLIAM H.
PARKER; JAY D. SCUSSEL; ROBERT STEVENSON; JOHN S. VALENTI;
MICHAEL G. WELLMAN; JOHN DOE ONE THROUGH ONE HUNDRED;
JANE DOE ONE THROUGH ONE HUNDRED
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 94-cv-05704)
District Judge:  Honorable Anita A. Brody
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2008
Before: RENDELL, JORDAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 7, 2008)
_____

OPINION
_____

PER CURIAM

Appellant, Stanley Schuldiner, appeals the District Court's order granting summary judgment in favor of the Kmart Corporation (hereafter "Kmart"). We will affirm.

The lengthy and tortured procedural history of this case is well known to the parties and is set forth in the District Court's published decision which underlies this appeal. Schuldiner v. Kmart Corp., 450 F.Supp.2d 605 (E.D. Pa. 2006). Accordingly, we only briefly discuss that history here. In September 1994, Schuldiner filed a civil rights complaint against appellee Kmart and over 200 Kmart employees. Schuldiner was granted leave to proceed in forma pauperis and an amended complaint was filed in November 1996. In that amended complaint, Schuldiner asserted claims for battery, sexual assault, sexual harassment, false arrest, false imprisonment, kidnapping, defamation, intentional and negligent infliction of emotional distress, malicious prosecution and due process violations. The parties stipulated to dismissal of all claims against the individual defendants in April 1996. The case was thereafter placed in civil suspense on various occasions due to the pendency of state and bankruptcy court proceedings. Finally, in a Memorandum Opinion and Order entered on September 21, 2006, the District Court granted summary judgment in favor of appellee Kmart on the basis of res judicata. Schuldiner appeals that decision.

2

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.[1] Our review over an entry of summary judgment is plenary. McLeod v. Hartford Life & Acc. Ins., 372 F.3d 618, 623 (3d Cir. 2004).

Schuldiner raises two contentions on appeal: 1) that the District Court should have considered his motion for stay pending arbitration rather than determining whether res judicata barred his claim; and 2) the District Court erred in applying the doctrine of res judicata where the prior state court decision was not a final judgment on the merits. Appellant's contentions can be disposed of with very little discussion. The manner in which a court disposes of cases on its docket is within its discretion, see In Re Fine Paper Antitrust Litigation, 685 F.2d 810 (3d Cir. 1982), and an appellate court will not interfere with that discretion except upon the clearest showing that the District Court's decision

---

[1] As noted, the District Court's summary judgment ruling was entered on September 21, 2006. Schuldiner filed his notice of appeal on March 20, 2007, well beyond the 30 day period prescribed by Fed. R. App. P. 4(a)(1)(A). The District Court's final order, however, was not accompanied by a separate judgment; thus, the time for appeal did not begin to run with the entry of that order. See United States v. Indrelunas, 411 U.S. 216, 222 (1973) (Rule 58's separate judgment rule must be "mechanically applied"). When a judgment is required to be set forth on a separate document, that judgment is not treated as entered until it is set forth on a separate document or until the expiration of 150 days after its entry in the civil docket under Fed. R. Civ. P. 79(a), whichever occurs first. See Fed. R. App. P. 4(a)(7)(A). Accordingly, entry of judgment and commencement of the 30-day period for filing notice of appeal in this case occurred 150 days after docketing of Memorandum Opinion and Order, i.e., on February 18, 2007. As such, Schuldiner's notice of appeal – which was filed 30 days later – was timely and we have jurisdiction over this appeal. See LeBoon v. Lancaster Jewish Community Center Ass'n, 503 F.3d 217, 223 (3d Cir. 2007) ("[I]f a certain order is subject to the separate-document requirement of Federal Rule of Civil Procedure 58 and no separate document exists, an appellant has 180 days to file a notice of appeal-150 for the judgment to be considered 'entered,' plus the usual 30 days from the entry of judgment.").

3

substantially prejudiced the litigant.  <u>Id</u> at 817.  We find no abuse of discretion on the part of the District Court in failing to first consider Schuldiner's motion for stay pending arbitration insofar as Kmart's summary judgment motion was already pending at the time Schuldiner filed his stay request.  Moreover, summary judgment had previously been entered in favor of Kmart and against Schuldiner by the Pennsylvania state courts long before Schuldiner sought to engage in arbitration.  Schuldiner thus cannot show substantial prejudice.

We likewise find no error on the part of the District Court in applying the doctrine of <u>res judicata</u> to bar Schuldiner's claims against Kmart.  Schuldiner's challenge to the District Court's application of the doctrine of <u>res judicata</u> is based on his contention that the state court's order of August 9, 1999, wherein it reaffirmed summary judgment as to all defendants (including Kmart) except Safeguard Security, is not a final order.  A federal court must give full faith and credit to a final state-court judgment.  <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 293 (2005).  In deciding whether the doctrine of <u>res judicata</u> applies, we look to state law to decide what effect to give state-court judgments.  <u>See</u> <u>Turner v. Crawford Square Apartments III, L.P.</u>, 449 F.3d 542, 548 (3d Cir.2006).  The Supreme Court of Pennsylvania has explained that <u>res judicata</u>: "bars a later action on all or part of the claim which was the subject of the first action.  Any final, valid judgment on the merits by a court of competent jurisdiction precludes any further suit between the parties or their privies on the same cause of action.  <u>Id</u>. (quoting <u>Balent v. City of Wilkes-Barre</u>, 669 A.2d 309, 313 (Pa. 1995)).

4

We agree with the District Court's determination that there was a final decision on the merits. It has long been determined that a default judgment is a final judgment with res judicata effect. Riehle v. Margolies, 279 U.S. 218, 225 (1929). See also Fox v. Gabler, 626 A.2d 1141, 1143 (Pa. 1993) ("[W]e long ago concluded that the judgment by default is res judicata and quite as conclusive as one rendered on a verdict after litigation insofar as a defaulting defendant is concerned.)" (internal citations omitted). The state docket clearly indicates that the state trial court entered a final decree upon the judgment of default against Safeguard Security. See Docket Entry 70-9907147. We do not read the court's statement that Schuldiner "may proceed with whatever action it has against Safeguard Security" to somehow negate the finality aspect of that decree. More than five years lapsed between the time the state court issued its order and the date on which the state court record was destroyed in accordance with the provisions of the County Records Act and Pa. R.J.A. No. 507(A). At no time during that extensive five-year period did Schuldiner seek to proceed with any type of action against Safeguard Security regarding damages or with respect to any other claim for that matter. We will not now permit Schuldiner to argue that the state court judgment is not a final order for res judicata purposes.

From our review of the record and the parties' submissions, it is clear that summary judgment was properly entered for Kmart. Accordingly, we will affirm the District Court's judgment.[2]

---

[2] Schuldiner's motion for an extension of time to file a response to the Clerk's Order of January 29, 2008, and to exclude from consideration further evidence of the state court's destroyed order is denied. As appellant himself concedes, the state court docket entry regarding the order of dismissal apparently includes the entire text of that order. That official docket has proven more than sufficient for purposes of determining the finality of the state court's order of dismissal. We likewise deny Schuldiner's motion requesting that the Court refer to him by the pseudonym John Doe as he has not established that such is warranted in the instant matter. See, e.g., Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1072 (9th Cir.2000) (applying a balancing test to determine if the need for anonymity outweighs the public's right to access); M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir.1998) (same); James v. Jacobson, 6 F.3d 233, 238 (4th Cir.1993) (same); Doe v. Frank, 951 F.2d 320, 323 (11th Cir.1992) (same); Doe v. Stegall, 653 F.2d 180, 185 (5th Cir.1981) (same).