**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4053

ANNE EASLEY,
                    Appellant

v.

NEW CENTURY MORTGAGE CORPORATION;
DEUTSCHE BANK NATIONAL TRUST CO.;
JOHN DOES 1-10

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN  DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 08-cv-04283)
District Judge:  Honorable Edmund V. Ludwig

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2010

Before: SLOVITER, BARRY and SMITH, <u>Circuit Judges</u>

(Opinion Filed:  September 20, 2010)

OPINION

BARRY, Circuit Judge

Anne Easley sued Deutsche Bank National Trust Company ("Deutsche Bank") and other entities after Deutsche Bank foreclosed on the mortgage it held on Easley's Pennsylvania home. The District Court dismissed the complaint under Fed. R. Civ. P. 12(b)(1) and (6), and Easley timely appealed. She seeks review of the dismissal of her claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201-1 et seq. (the "CPL")[1] against Deutsche Bank,[2] seeking, *inter alia*, compensation for damage to her credit rating.

## I. Background

Easley purchased a home in August 2004 with a loan secured by a home mortgage. Thirteen months after she bought the home, she filed a Chapter 13 bankruptcy petition. In August 2006, she entered into a stipulation with New Century Mortgage Corporation ("New Century"), under which New Century was to remain bound by the automatic stay and Easley was to make monthly payments of $2,409.98.

According to New Century, Easley failed to make her required payments in February and March 2007. Easley denies this and claims that she made all the payments

---

[1] The complaint also included claims under the Fair Debt Collection Practices Act, the federal Bankruptcy Code, the Pennsylvania Fair Credit Extension Uniformity Act and other statutes, along with Pennsylvania common law claims. These claims are not at issue in the appeal.

[2] The complaint also named the original mortgagee, New Century Mortgage Corporation, and "John Does 1-10."

on time. She did not, however, dispute New Century's certification of default or oppose New Century's April 2007 motion for relief from the automatic stay. The Bankruptcy Court granted New Century's motion and gave it permission to foreclose on the mortgage.

Around that same time, New Century assigned the mortgage to Deutsche Bank, and the latter commenced a mortgage foreclosure action against Easley in the Philadelphia Court of Common Pleas in August 2007. Easley did not answer or defend the action, and the court entered a default judgment against her. In June 2008, the property was sold to Deutsche Bank at a sheriff's sale.

Easley then brought this rather sweeping federal action, accusing New Century and Deutsche Bank of misrepresentation, deception, unfair trade practices, wrongful use of the foreclosure process, and a host of other wrongs related to the mortgage and foreclosure. The District Court dismissed the complaint for lack of subject matter jurisdiction, citing the *Rooker-Feldman* doctrine, and for failure to state a claim, citing res judicata.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review, and, regardless of "[w]hether the order of the District Court is more appropriately viewed as having dismissed the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1),

or for failure to state a claim pursuant to Rule 12(b)(6), our standard of review is the same: we accept as true [plaintiff's] material allegations, and construe the complaint in the light most favorable to [her]." *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

### III. Discussion

Easley argues that the District Court erred in concluding that it lacked jurisdiction over her CPL claim, and that the *Rooker-Feldman* doctrine does not apply because she sought damages which she was not entitled to seek in the Pennsylvania foreclosure action.

"The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir.2009) (quotation marks omitted). "The *Rooker-Feldman* doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *Id*. (quotation marks omitted). Thus, "a claim is barred by *Rooker-Feldman* . . . if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id*. at 232 (quotation marks omitted).

The doctrine applies only when a plaintiff seeks redress for an injury caused by the state court judgment itself, not when a plaintiff merely seeks to relitigate a claim or issue

already litigated in state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005). Here, at least in part, Easley seeks damages stemming directly from the state court's judgment in the foreclosure action. For example, she seeks compensation for, *inter alia*, the damage to her credit rating caused by the foreclosure. That part of her CPL claim was properly dismissed for lack of subject matter jurisdiction under *Rooker-Feldman*.

Easley's CPL claim is also based on allegations of fraud, deception and other wrongs which pre-dated the foreclosure action. The *Rooker-Feldman* doctrine will only bar that part of the CPL claim to the extent that adjudicating it would mean that "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). The allegations of fraud and other pre-foreclosure wrongs were not presented to the state court (which granted default judgment), and the state court's judgment would not be implicated by a finding that Deutsche Bank was liable under the CPL for fraud and/or other pre-foreclosure wrongs. We explained in *Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 543 (3d Cir. 2006), that "courts have applied [the *Rooker-Feldman* doctrine] beyond its appropriate boundaries." Just as in *Turner*, where we refused to apply *Rooker-Feldman* because the plaintiff's damages were caused by conduct which was not at issue before the state court, here, the pre-foreclosure part of Easley's CPL

claim "did not complain of injuries 'caused by the state-court judgment.'" *Id*. at 547

(quoting *Exxon*, 544 U.S. at 291). Thus, *Rooker-Feldman* does not apply to that part of

Easley's CPL claim.

To the limited extent that the District Court is not barred from hearing Easley's

CPL claim under the *Rooker-Feldman* doctrine, the claim itself is barred under res

judicata. In Pennsylvania,[3] a claim is barred under res judicata if it shares four conditions

in common with an earlier claim: "(1) the thing sued upon or for; (2) the cause of action;

(3) the persons and parties to the action; and (4) the capacity of the parties to sue or be

sued." *Turner*, 449 F.3d at 548. Easley's CPL claim is based on allegations related to her

mortgage, including events leading up to its execution, and events leading up to and

including the foreclosure. The "thing sued upon" is therefore the same, as are the parties,

whose capacities to sue and be sued are not in dispute.

The only contentious issue is the cause of action. Easley did not assert a CPL

counterclaim (or any counterclaim at all) in the mortgage foreclosure action, and she did

not make a CPL claim in her bankruptcy case. In Pennsylvania, res judicata bars "claims

that were or *could have been raised*," *Turner*, 449 F.3d at 550 n.13 (quoting *Balent v.*

*City of Wilkes-Barre*, 669 A.2d 309, 315 (Pa. 1995) (emphasis in original)).

Easley argues that Pennsylvania law would not have permitted her to assert a CPL

---

[3] Federal courts are required to give state court judgments the same preclusive effect
that the issuing state courts would give them. *See Rycoline Prods., Inc. v. C & W*
*Unlimited*, 109 F.3d 883, 887 (3d Cir.1997).

counterclaim in response to a foreclosure action. She cites several cases in support of this argument, but none is persuasive. For example, in *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998), the court rejected a counterclaim based on a sales contract which was separate from the mortgage, and held that a counterclaim could be brought as long as it was "incident to the creation of the mortgage relationship itself." Nothing in that case leads to the conclusion that a CPL claim based on fraud and deception in the creation of a mortgage and wrongful foreclosure of that mortgage would not be a viable counterclaim in a foreclosure action. Likewise, in *Green Tree Consumer Disc. Co. v. Newton*, 909 A.2d 811, 814-15 (Pa. Super. 2006), the court explained that "the general rule is that a recoupment claim is an improper defense to a mortgage foreclosure" (apparently because most claims for recoupment implicate tangential transactions, such as the sale of the property itself, rather than the creation of the mortgage), but held that counterclaims related to the mortgage itself are "clearly . . . permissible." The CPL claim before us is intimately tied to the creation of the mortgage and subsequent foreclosure (and not the sale of the home, or any other tangential transaction), and, thus, Easley could have brought it as a counterclaim in the foreclosure proceeding. Therefore, the CPL claim is barred by virtue of res judicata.[4]

---

[4] Parenthetically, we reject Easley's argument that she is not collaterally estopped from raising the issues decided in the mortgage foreclosure proceeding because the judgment was entered based on her default and the issues were not litigated. *See Fox v. Gabler*, 626 A.2d 1141, 1143 (Pa. 1993) ("[W]e long ago concluded that the judgment by default is res judicata and quite as conclusive as one rendered on a verdict after litigation

Easley is also precluded under res judicata from raising the CPL claim if she could have brought the claim in the bankruptcy proceeding. In *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 337-38 (3d Cir. 2000), we held that "[c]laim preclusion [does not bar] every conceivable claim that could have been brought in the context of a bankruptcy case," and that "a claim should not be barred unless the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time in the bankruptcy forum." We cannot imagine how her claim could be any more closely related to New Century's assertions in the bankruptcy case that it held the mortgage and that payments were due.

Finally, Easley argues that she should have been given leave to file an amended complaint. We need not address this argument because, regardless of how Easley phrases her claims and allegations, amendment of the complaint would be futile given that the *Rooker-Feldman* doctrine and res judicata would require dismissal of the CPL claim.

## IV. Conclusion

We will affirm the order of the District Court.

---

insofar as a defaulting defendant is concerned.").